MARY E. BUTLER

*v.*

MARTHA A. MILLER *et al.*

*Opinion filed February 17, 1904—Rehearing denied April 7, 1904.*

APPEALS AND ERRORS—*party cannot make one case in her bill and another on writ of error.* A plaintiff in a chancery suit cannot make one case by her bill in the lower court, and, having failed there, urge a different one on writ of error.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

JOHN C. WILSON, and WILLIAM SLACK, for plaintiff in error.

ELDRIDGE & ROSE, EDWARD P. VAIL, and CHARLES L. BARTLETT, for defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is a writ of error sued out of this court to review a decree of the circuit court of Cook county, entered on February 28, 1902, dismissing, for want of equity, a bill in chancery filed in that court on April 15, 1901, by Mary E. Butler, plaintiff in error, against Martha A. Miller, one of the defendants in error.

The bill, as amended, represents that on the seventh day of November, 1899, there was filed in the office of the circuit clerk of said county a "transcript of judgment for execution to sell land, a copy of which transcript of judgment" is attached to the bill; that by said transcript of judgment it appears that on the 14th day of August,

1899, before a justice of the peace in Cook county, at the suit of Julia C. Higbee against Mary E. Butler and Redmond F. Sheridan, joint defendants, a summons was ordered and issued, returnable August 22, 1899; that said summons was returned showing service on Sheridan and that Mary E. Butler was not found; that on August 22, 1899, the cause was continued until August 29, 1899; that judgment was then taken against Sheridan for $70.55; that on September 25, 1899, summons in the nature of a *scire facias* was issued against Mary E. Butler, as defendant in said cause, returnable October 5, 1899; that said *scire facias* was duly returned by the constable showing personal and timely service by reading to Mary E. Butler, and that on October 5, 1899, the case was called, plaintiff and defendant being present, evidence was heard and judgment rendered against Mary E. Butler, together with Sheridan, for the sum of $60.55 and costs of suit; that on October 26, 1899, execution issued against both defendants, and was returned on October 28, 1899, in no part satisfied, and with a statement in the return thereon to the effect that the defendants in the execution had no personal property in the county whereof the constable could cause to be made the said judgment and costs, or any part thereof; that on November 9, 1899, execution issued out of the circuit court of Cook county, directed to the sheriff of that county, for the collection of the amount of the said judgment and costs, against Mary E. Butler and Redmond F. Sheridan; that by virtue thereof, on the 11th day of November, 1899, the sheriff levied on certain real estate in said county of which complainant was the owner in fee simple, and sold the same on the 12th day of December, 1899, to Julia C. Higbee, to whom a certificate of purchase was duly executed, which was by her, on December 3, 1900, assigned to Martha A. Miller, and on March 13, 1901, the sheriff of said county executed to said Miller a sheriff's deed for the real estate in question.

The bill then charges, in substance, that said deed does not convey any title for the reasons following:

*First*—The summons issued by the justice was never served on Sheridan, he never appeared in the suit before the justice, and judgment was rendered against him by the justice without jurisdiction.

*Second*—The *scire facias* was never served on the complainant, Mary E. Butler, and she never appeared in the suit before the justice, and the judgment rendered against her and said Sheridan was rendered without the justice having jurisdiction of either.

*Third*—The return on the execution, to the effect that complainant and Sheridan had no personal property out of which the judgment could be made, is untrue; that each had ample personal property out of which the execution could have been satisfied, and that the endorsement and return on said execution are false and were fraudulently made.

*Fourth*—Complainant never had any notice or knowledge of the pendency of the cause before the justice of the peace, or of the summons or *scire facias*, or of either of the judgments rendered in the cause, or of either of the executions, or of the transcript of the judgment, or of the sale, or of the execution of the certificate of purchase, or of the sheriff's deed, until about the 20th day of March, 1901, and that no demand was made upon her for the amount called for by the execution issued by the justice.

The bill further avers that the defendant took the assignment of the certificate of purchase with knowledge of the facts set out in the bill, and that the defendant is not the lawful owner of said real estate; that the title held by her in the same is held without legal or equitable right; that complainant is in possession of said real estate, and avers that the said sheriff's deed is a cloud upon her title; that she was not indebted to Julia

C. Higbee in any sum at the time said judgment was rendered against her, unless by virtue of the assignment of some claim against her to said Higbee; that she was never informed of any such assignment, and offers to pay to Martha A. Miller, as assignee of Higbee, such amount, if any, as may be due her upon an accounting; prays that the deed may be set aside and decreed null and void.

The defendant answered, admitting the filing of the transcript and that the document attached to the bill "is substantially a correct copy of said transcript;" admitted the suit and the various steps in the proceedings as stated in the bill, but denied the existence of each and every of the causes upon which the bill places the right to the relief sought.

The cause was referred to a master to take the proofs. Upon the hearing before the master complainant offered no evidence whatever. Defendant took the testimony of several witnesses, from which it conclusively appears that the summons was personally served, by reading, upon Sheridan; that the *scire facias* was personally served, by reading, on the complainant, as stated in the returns on those writs, respectively; that the defendant was present before the justice of the peace on October 5, 1899, during the trial of the cause against her, and was then represented by counsel; that she had notice on November 25, 1899, that the said real estate would be sold by the sheriff at the time and place where it was thereafter sold. The master made his report accordingly, it was approved, and a decree was entered dismissing the bill for want of equity and awarding costs against complainant.

Plaintiff in error seeks to have this decree reviewed for the reasons following:

*First*—The summons, as shown by the copy of the transcript attached to the bill, does not bear the signature of the justice of the peace.

*Second*—Such copy of the transcript does not contain a copy of the *scire facias*.

*Third*—Such copy of the transcript shows a continuance of the cause from August 29 to October 7.

It is conceded that these objections were not specifically pointed out in the bill, but it is said that the bill made the copy of the transcript attached a part of the bill and the answer admitted that the copy was substantially correct, and that as these objections appear from an inspection of that copy, they must be considered as a part of the cause made by the bill. With this view we cannot concur. The bill recites the contents of the transcript—not the contents of the copy attached. From such recitals none of these objections appear. In fact, the statements of the bill would lead to the conclusion that they did not exist. For example, the bill recites that the transcript of the judgment on file in the office of the clerk shows that a "summons" was issued by the justice of the peace, from which the legal inference is that it was a lawful summons, bearing the signature of the justice. Had the bill based the right to relief on the objections now urged, defendant would have had an opportunity to introduce the transcript filed in the office of the clerk and attempt to meet the case now presented. The bill specifically states the grounds upon which the relief is sought, and they do not include either of the objections now made in this court. It is apparent that plaintiff in error made one case by her bill and seeks to make another in this court upon this writ. That she can not do this has been too frequently decided to now require the citation of authorities.

Plaintiff in error made several persons other than Martha A. Miller defendants in error. Such other persons moved in this court that the writ of error be dismissed as to them. The motion was taken to be determined with the case. The decision at which we have arrived makes unnecessary any disposition of the motion.

The decree of the circuit court will be affirmed.

*Decree affirmed.*