Fred G. Russell, as Trustee Under the Will of Lewis S. Hartzell, Deceased, Plaintiff-Appellant, v. Lawrence Rici and Eleanor Rici, Defendants-Appellees.

Gen. No. 65–54.

Third District.

January 21, 1966.

Rehearing denied February 10, 1966.

Harper Andrews and Campbell Andrews, both of Kewanee, for appellant.

John C. Hedrich, of Princeton, for appellees.

CORYN, P. J.

From the record here and the facts reported In re Will of Hartzell, 43 Ill App2d 118, 192 NE2d 697 (1963), to which reference is made by the parties here in their briefs, it appears that one Lewis Hartzell died seized of certain realty as to which he created a testamentary trust by a will admitted to probate sometime after his death on September 10, 1927. The beneficiaries of this trust included two life tenants and various remaindermen. The trustee designated by the will never qualified or acted, and the trust was never otherwise activated, although the settlor clearly assigned duties to his trustee. It appears that in the absence of a trustee, some or all of the beneficiaries themselves took possession of the trust property and, in 1955, executed a contract with defendants, Lawrence and Eleanor Rici, to sell to them, upon certain terms, and for the price of $15,000, a certain tract of trust realty. It is not disputed that for several years thereafter, the Ricis first made their payments of interest and principal to the surviving life tenant, and thereafter, at her direction, to L. D. Spaulding, Jr. Spaulding paid over the interest to the life tenant and reserved the principal, presumably for the remaindermen, although whatever disposition was made of these monies, did not become an issue in the trial court, and is not clear from the record. On March 3, 1959, the defendants

100

being ready to make a final payment of $10,346.20, and it being considered that legal title must come from a testamentary trustee to whom the will gave a power of sale, the Hartzell beneficiaries, or some of them, as plaintiffs, by L. D. Spaulding, Jr., their attorney, filed a complaint in the Circuit Court of Bureau County naming Lawrence and Eleanor Rici as defendants, in which the facts regarding the Lewis Hartzell trust were alleged. It was averred in that complaint that the Ricis had offered $15,000 for the trust property, that this was a fair price, and that a trustee should be appointed to accept the offer and convey the premises. On March 5, 1959, a decree was entered appointing Harold Parr trustee, and authorizing the sale upon fixed terms. After qualifying, Harold Parr, as trustee, on March 10, 1959, executed and acknowledged a deed conveying the trust premises to Lawrence and Eleanor Rici, and delivered the same to L. D. Spaulding, Jr., his attorney, for delivery to the grantees upon receipt of the purchase price. On the same day, the Ricis delivered their check to Spaulding, payable to him, per his directive, in the amount of $10,346.20, in exchange for which they were given the trustee's deed, which was then recorded on the same day. Thereafter, Parr, who had been a friend of Spaulding's for forty years, and who was himself a realtor, was told by Spaulding that he had invested the money received by him from defendants, and Parr never did demand these funds from Spaulding. Parr's realty office was about two doors away from the premises purchased by the Ricis, which they used for a restaurant building, and although the Ricis, after receiving their deed to the premises, made numerous improvements thereto, Parr did not ever claim from them that money was owing on the purchase price, and they did not know that Parr had never taken the money from Spaulding. After Spaulding's defection, which apparently involved his conversion of these funds, and after his subsequent insolvency, Harold Parr,

as trustee, filed the complaint here against Lawrence and Eleanor Rici, as defendants, praying the sum of $10,346.-20, as the balance due under the contract between them and the Hartzell beneficiaries, which contract the trustee adopted. In defense of this claim, the defendants pleaded the foregoing facts, all of which were established by the evidence, without dispute, and in addition, they pleaded that the recorded trust deed to them recites, as it does, that it is given in consideration of $15,000, "receipt of which is hereby acknowledged." They claim that such facts establish payment, estoppel and laches. After commencement of this action, Fred G. Russell was substituted as trustee and as plaintiff, in the place of Harold Parr. On March 16, 1965, the trial court, after hearing the evidence without a jury, entered judgment for defendants, and for their costs, and against the plaintiff trustee. This appeal was thereafter perfected by the trustee who also asks leave here to amend the ad damnum of his complaint to "Fifteen Thousand and no/100 Dollars with interest at five per cent from March 10, 1959, to the date of judgment."

In the case of In re Will of Hartzell, supra, the trustee was held liable for breach of trust to certain of the beneficiaries of Lewis Hartzell, for the loss of funds from the Rici purchase, occasioned by Spaulding's misappropriation and insolvency. The theory of that case was, according to plaintiff, that his predecessor trustee was held liable for the acts of Spaulding because he permitted them by delegating the performance of acts he could not legally delegate. Thus, plaintiff reasons that defendants were also aware that they were dealing with a trustee who could not legally delegate the duty of collecting the balance of the contract purchase price to any other person, and accordingly, that defendants' proof of payment to Spaulding does not establish payment to the trustee, since defendants are chargeable with knowledge of the legal limitations on the trustee's authority.

102

A trustee is not without the power or authority to employ the counsel, assistance and services of an attorney to whom he may even entrust the possession of trust property, where it is reasonable to do so. Restatement, Trusts 2d, § 175(e); cf. 50 ALR 214, and 47 ALR 2d 1379. A trustee may even, on occasion, delegate authority to an agent to perform certain acts on his behalf if a person of ordinary prudence, under like circumstances, and in the management of his own affairs, would also ordinarily and reasonably delegate such duties. Restatement, Trusts 2d, § 171(d). He may not delegate to others, however, what he could reasonably be expected to perform himself. Restatement, Trusts 2d, § 171. Thus, although some duties may be delegated, a trustee may certainly not delegate the entire administration of his trust. Restatement, Trusts 2d, § 171(d). Furthermore, there are some acts which, even though a person of ordinary prudence in like circumstance, might delegate to an agent, a trustee may not. Thus, at Restatement, Trusts 2d, § 171(g), it is stated that a trustee ordinarily cannot appoint an agent to sell, but having made the contracts for these purposes himself, or fixed terms upon which such contracts may be entered, a trustee may then properly employ an agent to perform ministerial acts to consummate the transaction. The trustee being authorized in some instances to employ the services of an agent, or attorney, the law provides that the trustee will not in such instances be liable to the beneficiaries for the acts of such agents or attorneys, unless such acts constitute a breach of trust, and the trustee directed or permitted them, or failed to exercise proper supervision over the conduct of the agent. Restatement, Trusts 2d, § 225.

In the instant case, the sale and transfer of the trust real estate to defendants was proper. The court had authorized the sale, and the decree fixed terms identical with those in the contract. The mere employ-

103

ment by the trustee, of any attorney, for the preparation and delivery of a deed and collection of the proceeds, where no discretion was involved, would be an engagement for purely ministerial acts, and would not, of itself, be wrongful or constitute a breach of trust, where the trustee properly supervised the performance of his agent. In the case of In re Will of Hartzell, supra, upon which the trustee appears chiefly to rely, his predecessor was surcharged, in an action by the beneficiaries, not for the mere isolated act of delegating the ministerial duty of allowing his attorney to collect the sale proceeds, but because the trustee abdicated all of his duties and relinquished the same to his attorney, who upon collection of the money from the defendants was given also its exclusive control, supervision and management. He was thereby easily permitted, by the trustee, to purloin the trust estate. The defendants here, however, had no notice that Parr intended to leave the sale proceeds in Spaulding's exclusive control after it was collected, or that the collection itself by the attorney was effected within a milieu of the trustee's total relinquishment of all his duties and authority. Viewed apart from the trustee's wrongful abdication of all his duties as trustee, of which defendants had no notice, the trustee's simple delegation of authority to his attorney to exchange the deed upon the transferee's payment of the purchase price, cannot be said, as a matter of law, to be so far beyond the ordinary limitations of a trustee's authority as to require suspicion and create a duty of further inquiry. In Scott on Trusts, Vol III, § 326.6, p 2372, it is stated:

> "[I]f third persons knowingly participate with a fiduciary in a breach of his obligations it is proper to hold them liable. It is quite a different matter, however, to compel them to supervise the conduct of the fiduciary and to hold them liable for failure to do so. A rule imposing such liability upon them makes it

dangerous to deal with a fiduciary and seriously interferes with the proper performance by the fiduciary of his duties. It is right to require that one who knowingly purchases trust property from a trustee or other fiduciary whose conduct is prima facie wrongful should make a reasonable inquiry, and to hold that he cannot escape liability unless such inquiry would satisfy a reasonable man that the trustee was not committing a breach of trust. If the trustee's conduct is not such as to excite suspicion, still it is held that the purchaser should make inquiry as to his authority to sell. *But the rule that purchasers of trust property are bound to see to the application of the purchase money imposed too heavy a burden on purchasers and resulted in such an intolerable obstruction to the administration of trusts that the rule has been generally abolished. . . ."* (Emphasis added.)

Under Illinois law, those who, in good faith, pay money to a fiduciary, which said fiduciary is authorized to receive, are not required to supervise the fiduciary's conduct to see to the proper application of said money by the fiduciary. Ill Rev Stats, c 98, § 235. Plaintiff's predecessor did in fact authorize his attorney to collect the sale proceeds from defendants, and so far as defendants are concerned, the transaction was consummated in accordance with a contract approved by a court decree and with the trustee's authority. Nothing transpired which was "prima facie wrongful," or which the defendants knew was wrongful, and therefore the defendants were not required to supervise the application of the sale proceeds by the trustee or his agents.

By his motion here to amend the ad damnum clause of his complaint, the plaintiff also seeks recovery from defendants of the additional amount of $4,653. This is the amount which defendants, under the terms of the con-

105

tract with the Hartzell beneficiaries, paid to the life tenant and Spaulding prior to Parr's appointment as trustee. It is argued by plaintiff that the decree approving the sale to defendants established a price of $15,000, and that any sums previously paid by defendants directly to the beneficiaries may not be credited to the purchase price, since defendants are chargeable with constructive notice, from public records, that legal title was vested in a trustee. Accordingly, it is asserted that neither the beneficiaries nor their agents had capacity by contract to bind the trustee, and that evidence of payment to them is not evidence of payment to the plaintiff.

We think plaintiff's motion, and the matters thereby raised, may not be allowed or considered, because there has been no effort by plaintiff to comply with the provisions of Ill Rev Stats, c 110, § 201.26, which requires that an affidavit accompany the application showing, inter alia, that no prejudice will result to the adverse party if the amendment sought is permitted. The original complaint states an action at law for the balance due on a contract of sale between the defendants and the beneficiaries, which contract is alleged to be an asset of the trust estate, apparently by ratification of the trustee. The theory of the proposed amendment is that plaintiff should be permitted *in equity,* to enforce the strict terms of the decree for sale, and that the aforementioned contract, and the payments made pursuant thereto, is not binding on the trustee. It seems evident that defendants would, in fact, be prejudiced if plaintiffs are not required to adhere to the theory upon which the cause was heard in the trial court. Bryant v. Lakeside Galleries, Inc., 402 Ill 466, at 474, 84 NE2d 412. Notwithstanding a statutory right to amend pleadings in the Appellate Court where the issues sought to be raised by amendment are supported by the facts in the record (Ill Rev Stats, c 110, § 201.26), it is firmly established that a party may not try a case on one theory in the

106

trial court, and on another theory in the court of review. Lewy v. Standard Plunger Elevator Co., 296 Ill 295, at 304, 129 NE 775. Had this question been raised in the trial court, defendants might have shown that the trustee received or was credited with the funds paid to the beneficiaries prior to the appointment of plaintiffs' predecessor. The motion to amend is accordingly denied.

No error being shown, the judgment of the Circuit Court of Bureau County is affirmed.

Affirmed.

ALLOY and STOUDER, JJ., concur.