*In re* APPLICATION OF COUNTY COLLECTOR AND EX-OFFICIO COUNTY TREASURER OF COOK COUNTY FOR JUDGMENT AND SALE OF REAL ESTATE —FIRST LIEN Co., Petitioner, Appellant, Cross-Appellee, *v.* MARQUETTE NATIONAL BANK OF CHICAGO *et al.*, Respondents, Appellees and Cross-Appellants—(DANIEL SINTICH *et al.*, Respondents.)

(No. 55304;

First District—March 7, 1972.

*Rehearing denied April 11, 1972.*

Lyle H. Rossiter, of Chicago, for appellant.

Maurice H. Herman and Stanley Werdell, both of Chicago, for appellees.

Charles P. Kal and Tage Joranson, both of Chicago, for respondents.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This was a tax deed proceeding. Petitioner, First Lien Co., a corporation, appeals from a judgment that incorporated rulings on certain evidence, made findings concerning service of notices and denied an order directing the County Clerk to issue a tax deed. Respondents, Marquette National Bank of Chicago, as trustee, Frank Petrauskas, Anna Petrauskas and Charles Petrauskas, by their counsel; Chicago Savings and Loan Association, an Illinois corporation, by its counsel, separately cross-appeal from the rulings on the evidence and the findings concerning service of notices. First Lien Co. presents only one issue. Respondents present four. We have decided that resolution of the issue presented by First Lien Co. will make unnecessary any discussion of those presented in the cross-appeals. A summary of the material facts will aid an understanding of this issue.

On April 20, 1966, First Lien Co., for the sum of $84.54, purchased a delinquent first installment of special assessment warrant No. 57537, levied and assessed by the City of Chicago on a two-flat building situated at 3432 South Hamilton Street. The building was constructed by Frank Petrauskas, a carpenter and builder. Title to the real estate was held by respondent Marquette National Bank, as trustee under trust No. 1662. Financing for construction of the building was through a first mortgage of $26,500 with respondent Chicago Savings and Loan Association as the mortgagee. Payment of the first mortgage note was guaranteed by Frank Petrauskas and Anna Petrauskas. They managed the premises, collected the rents and made the monthly mortgage payments. When the land trust was created on September 8, 1960, the entire beneficial interest was in Anna Petrauskas, with the interest on her death to her husband, Frank Petrauskas. Power of direction under the trust was in "Anna Petrauskas or Frank Petrauskas." At the time of the tax sale, the property was occupied by tenants.

On August 19, 1968, no redemption having been made, First Lien Co. filed a petition praying for an order directing the County Clerk to issue a deed to the real estate. In the petition, among other things, First Lien Co. alleged that it had a certificate of purchase, No. 893, issued and delivered to it for the sum of $84.54. After describing Marquette National Bank of Chicago as trustee, the owner and last assessee of the real

estate at the time of the sale, petitioner alleged that "[o]ther persons interested in said real estate are * * * Anna Petrouskas and Frank Petrouskas (*sic*), her husband * * *." Petitioner alleged payment of all taxes and assessments which had become due since sale of the property and that "[p]etitioner has complied with all requirements of the statutes that can be complied with, as of this date and will have complied with the provisions of the statutes for notice as provided by Sections 263 and 266 of the Revenue Act of Illinois prior to the date of hearing on this petition."

Frank Petrauskas and Anna, his wife, lived at 3759 West 59th Street, Chicago. In serving notice on those "persons interested in said real estate," First Lien Co., by registered mail, return receipt requested, sent a "Final Notice" to Frank Petrauskas and Anna Petrauskas. Both letters were returned to First Lien Co., unclaimed. The Petrauskas family was away from Chicago during the latter part of August 1968, every member having gone to California to attend the wedding of Charles Petrauskas, a son of Frank and Anna. Ben Shapiro, who was First Lien Co.'s agent in the serving of notices, made five attempts between August 20 and September 9, 1968, to serve a personal notice on Frank Petrauskas and Anna Petrauskas. He did not succeed. As a result, First Lien Co. did not serve Frank Petrauskas and Anna Petrauskas a personal notice that there was pending a petition for deed to the real estate at 3432 South Hamilton.

Frank Petrauskas and Anna Petrauskas, as "parties interested in the real estate," answered the petition and denied that the petitioner had complied with "Sections 263 and 266 of the Revenue Act of the State of Illinois," denied that petitioner was entitled to a deed and alleged that they were "[r]eady, willing and able to reimburse the petitioner and pay it whatever amount said petitioner is entitled under the law in order to affect a redemption of said real estate." The other respondents answered and filed objections to the petition. Thereafter, the cause was heard by the court sitting without a jury. Petitioner First Lien Co. called eight witnesses whose testimony concerned the tax sale, the certificate of purchase, service of notices on certain respondents and the futile attempt to make personal service of notice on Frank Petrauskas and Anna Petrauskas. Respondents called ten witnesses, including Frank Petrauskas and Anna Petrauskas, who denied receiving notice from petitioner. The parties offered, and there were received in evidence, 31 exhibits which included certificate of purchase No. 893 described in the petition for deed, documents relative to notices and those which reflected the interest of Frank Petrauskas and Anna Petrauskas in the real estate described in the petition.

After hearing the witnesses, receiving the exhibits and listening to arguments of counsel, the trial judge ruled "[t]hat Frank Petrauskas and Anna Petrauskas are interested parties in the real estate and entitled to notice in accordance with the provisions of Sections 263 and 266 of the Illinois Revenue Act; and  *  *  *  the owner, mortgagee, last assessee and all parties interested, who are represented by counsel in this case, except Frank Petrauskas and Anna Petrauskas, have been duly notified of the date of the sale and the date of the expiration of the period of redemption, and also, all parties interested who are represented by counsel, except Frank Petrauskas and Anna Petrauskas, have been duly notified of the filing of the petition of the petitioner in this case, the number and the date upon which an application for an order directing issuance of a deed should be made." The court denied issuance of the tax deed and made its judgment a final, appealable order.

It is this ruling that gives rise to the issue whether Frank Petrauskas and Anna Petrauskas were parties interested in the real estate involved. First Lien Co. contends that Frank Petrauskas and Anna Petrauskas are not "parties interested" within the meaning of Sections 263 and 266 of the Revenue Act, that is, those entitled to the notice, because they were agents of their son, Charles Petrauskas, a beneficiary of the land trust which held title to the real estate involved. First Lien Co. argues that the beneficiaries of a land trust are not entitled to notice. Therefore, "[i]t must follow that beneficiaries' agents cannot be entitled to notice if the beneficiary himself is not  *  *  *." In support, First Lien Co. cites a number of cases, including *Application of County Treas. & Ex-Officio Co. Col.*, 113 Ill.App.2d 50, 251 N.E.2d 757, recently decided by this court.

To meet this contention, respondents argue that in the trial court, by its pleadings, its evidence and the argument it presented, First Lien Co., "[w]ithout the knowledge of either Frank or Anna Petrauskas, recognized them as 'parties interested in the real estate' in question." Respondents insist that in the trial court the hearing proceeded "[o]n the theory that Frank and Anna Petrauskas were 'parties interested in the real estate'  *  *  *  entitled to personal service of notice as provided by Section 263 and 266 of the Revenue Act."

The record supports respondents' argument. It shows that when First Lien Co. filed its petition, it alleged that Anna Petrauskas and Frank Petrauskas, her husband were among the "other persons entitled to the real estate." After motions and objections were overruled, and the land trustee and the Petrauskas' filed a joint and several answer in which they denied service of notice and compliance by petitioner with Sections 263 and 266 of the Revenue Act of Illinois. Thereafter, when First Lien

Co. proceeded to offer evidence in support of its petition, it called witnesses to prove its many but futile attempts to serve the Petrauskas' so as to justify its later substituted service on them by publication. Neither in the questions asked nor in the arguments it made to the trial judge, did First Lien Co. suggest that Frank and Anna Petrauskas were not among the "persons interested in said real estate   \*   \*   \*." Therefore, First Lien Co.'s theory in this court that "Frank Petrauskas and Anna Petrauskas are not 'parties interested' within the meaning of Sections 263 and 266 of the Revenue Act,   \*   \*   \*" is inconsistent with its theory in the trial court that Frank Petrauskas and Anna Petrauskas were "interested parties in the real estate" involved.

■■■ It is well settled that a party cannot try his case on one theory in the trial court and on another in the court of review. (*Butler v. Miller*, 208 Ill. 231, 70 N.E. 309; *Lewy v. Standard Plunger Elevator Co.*, 296 Ill. 295, 129 N.E. 775; and see *Anderson "Safeway" G.R.C. v. Champaign Asphalt Co.* (Ill.App.2d), 266 N.E.2d 414.) The *rationale* of this rule rests on principles of fundamental fairness. It is evident that respondents would be prejudiced if First Lien Co. were not required to adhere to the theory on which the case was heard in the trial court. (See *Bryant v. Lakeside Galleries*, 402 Ill. 466, 474, 84 N.E.2d 412.) For example, had the contention now made in this court been made in the trial court and fully litigated, respondents may have been able to show that Frank Petrauskas and Anna Petrauskas were more than agents of their son Charles Petrauskas, the beneficiary of the trust that held legal title to the land. (Compare *Russell v. Rici*, 67 Ill.App.2d 98, 106—107, 213 N.E.2d 566.) In the least, the record discloses that Frank Petrauskas and Anna Petrauskas were guarantors of a $26,500 note secured by a first Mortgage on the subject real estate. A foreclosure suit had been. filed and dismissed, a fact known to First Lien Co. when it proceeded with the petition for deed. Under the doctrine of subrogation, well recognized in this State, Frank Petrauskas and Anna Petrauskas could have been "[i]nterested parties in the real estate and entitled to notice in accordance with the provisions of sections 263 and 266 of the Illinois Act;   \*   \*   \*." (See I.L.P. Subrogation, Sections 6 and 7 and compare *Prudential Ins. Co. v. Bass*, 357 Ill. 72, 191 N.E. 284.) Therefore, we cannot say that the trial judge erred in concluding, consistent with the position taken by First Lien Co., that Frank Petrauskas and Anna Petrauskas were entitled to personal service of notice. For these reasons the judgment is affirmed.

Judgment affirmed.

STAMOS, P. J., and SCHWARTZ, J., concur.