675 N.E.2d 285 (1997)
285 Ill. App.3d 930
221 Ill.Dec. 378
In re APPLICATION FOR TAX DEED (S.I. Securities, an Illinois Partnership, Petitioner-Appellant,
v.
Tim Weatherly, The Harrisburg National Bank, Unknown Owners or Parties Interested, and Nonrecord Claimants, Respondents-Appellees).
No. 5-96-0193.
Appellate Court of Illinois, Fifth District.
January 10, 1997.
Glenn R. Tetzlaff, Marion, for Petitioner-Appellant.
David W. Hauptmann, Harrisburg, for Tim Weatherly.
Terry R. Black, Campbell, Black, Carnine & Hedin, P.C., Mt. Vernon, for Citizens Bank of Illinois, N.A., f/k/a The Harrisburg National Bank.
Justice WELCH delivered the opinion of the court:
This case comes to us on appeal from the circuit court of Saline County, which denied the petition of petitioner S.I. Securities for a *286 tax deed to certain property which it had purchased at a tax sale for delinquent general taxes for the year 1991. The property was owned by respondent Tim Weatherly and was mortgaged to respondent The Harrisburg National Bank, now known as Citizens Bank of Illinois, N.A. (Citizens Bank).
The trial court ruled that petitioner had failed to serve Stephanie Weatherly, the wife of Tim Weatherly, with notice of the expiration of the period of redemption as required by section 22-10 of the Property Tax Code. 35 ILCS 200/22-10 (West 1994). That section requires a tax deed purchaser to serve notice of the expiration of the period of redemption on "owners, occupants and parties interested in the property." 35 ILCS 200/22-10 (West 1994). The trial court found that Stephanie, while not an owner of the property, was an occupant of the property and as such was entitled to notice under section 22-10. The trial court further found that petitioner had failed to exercise due diligence to discover, locate, and serve Stephanie and therefore was not entitled to a tax deed. We agree and affirm the judgment of the trial court denying petitioner's petition for a tax deed.
The following facts are not in dispute. The property in question is a single-family residence located on three acres. Tim Weatherly was the sole owner of the property in question. He had purchased the property prior to marrying Stephanie. However, Stephanie had resided on the property with Tim since their marriage on December 20, 1991. At the time of the hearing on petitioner's petition for tax deed, Tim and Stephanie had one child. Stephanie's name was not on the deed to the property or the mortgage and did not appear in the record of title. Tim and Stephanie were married in Kentucky, and their marriage was not registered in Saline County. Stephanie was registered to vote in Saline County.
The property was sold for delinquent taxes on October 19, 1992. Petitioner filed its petition for a tax deed on June 29, 1995. The final extended period for redemption of the property expired on October 19,1995, exactly three years after the sale.
Stephanie was never served with any notices of the tax sale proceedings, including the notice required by section 22-10, which must be served on an occupant by personal service or by abode service in accordance with section 22-15 of the Property Tax Code. 35 ILCS 200/22-15 (West 1994). A copy of the notice must also be mailed to an occupant by certified mail, return receipt requested, in accordance with section 22-25 of the Property Tax Code. 35 ILCS 200/22-25 (West 1994).
Section 22-15 further provides that where upon "diligent inquiry and effort" an owner or party interested cannot be found or served with notice in the county, they may be served with a copy of the notice by registered or certified mail, return receipt requested, at their residence, if ascertainable. 35 ILCS 200/22-15 (West 1994). No such provision is made with respect to occupants of the property, who presumably may be found at the property. Tim Weatherly was personally served with the notice and does not contest the sufficiency of notice to him.
Both the Property Tax Code and the Illinois Constitution of 1970 require that occupants be given notice of the tax sale and the date of expiration of the period of redemption. 35 ILCS 200/22-5, 22-10 (West 1994); Ill. Const.1970, art. 9, § 8(e). This notice requirement has been held to be mandatory, and satisfaction thereof is a condition precedent to the issuance of a tax deed. Ohr v. Prairie Material Sales, Inc., 100 Ill. App.3d 178, 180, 55 Ill.Dec. 622, 426 N.E.2d 947 (1981). It is undisputed that Stephanie was not given this notice. We must now decide whether Stephanie was entitled to the notice as an "occupant" of the property within the meaning of the Property Tax Code. Because this question involves statutory construction, a question of law, we review the issue de novo. Village of South Elgin v. City of Elgin, 203 Ill.App.3d 364, 367, 149 Ill.Dec. 17, 561 N.E.2d 295 (1990).
The term occupant is nowhere defined in the Property Tax Code, nor do we find any case law construing the term occupant as used in the Property Tax Code. Accordingly, we must look to the words of the statute. Courts should look to the language of the *287 statute as the best indication of legislative intent, giving the terms of the statute their ordinary meaning. In re Judgment & Sale of Delinquent Properties for Tax Year 1989, 167 Ill.2d 161, 168, 212 Ill.Dec. 215, 656 N.E.2d 1049 (1995). Where the statutory language is clear and unambiguous, the plain and ordinary meaning of the words will be given effect without resorting to extrinsic aids for construction. Board of Education of Rockford School District No. 205 v. Illinois Educational Labor Relations Board, 165 Ill.2d 80, 87, 208 Ill.Dec. 313, 649 N.E.2d 369 (1995). We find no ambiguity in the term occupants or the provisions of the Property Tax Code requiring notice to occupants, and we therefore give the term its plain and ordinary meaning.
Black's Law Dictionary defines the term occupant as follows:
"Person in possession. Person having possessory rights, who can control what goes on on premises. One who has actual use, possession or control of a thing." Black's Law Dictionary 1078 (6th ed. 1990).
Webster's Third New International Dictionary also defines the term occupant as one who has the actual use or possession of something or as one who occupies a particular place or premises. Webster's Third New International Dictionary 1560 (1976).
Again, where the terms of a statute are not specifically defined, the words must be given their ordinary and popularly understood meaning. Niven v. Siqueira, 109 Ill.2d 357, 366, 94 Ill.Dec. 60, 487 N.E.2d 937 (1985). We think the plain and ordinary meaning of the term occupant includes a spouse who permanently resides on the property with his or her owner/spouse and who has some control over what goes on on the property. Under the plain and ordinary meaning of the term occupant, Stephanie was clearly an occupant of the property in question and as such was entitled to notice of the tax deed proceedings.
Petitioner argues, "[T]here was no evidence of ownership offered or any interest in the property alleged by the [respondents] and under these circumstances [petitioner] asserts personal notice is not required of Mrs. Weatherly." We point out first that the term occupant does not require any ownership interest in the property, and indeed, under rules of statutory construction, it would appear that an owner is something different than an occupant. Statutes should be construed so that no term is rendered superfluous or meaningless (Niven v. Siqueira, 109 Ill.2d 357, 365, 94 Ill.Dec. 60, 487 N.E.2d 937 (1985)), and courts should give each provision some reasonable meaning, if possible. Bethania Association v. Jackson, 262 Ill.App.3d 773, 777, 200 Ill.Dec. 332, 635 N.E.2d 671 (1994). Accordingly, we assume that the term occupant means something different than the word owner. To hold otherwise would render the term occupant superfluous and meaningless. We are aware of no case law, and petitioner cites to none, which requires ownership or an interest in the property in order to be an occupant entitled to notice under the Property Tax Code.
Petitioner relies on two cases in support of its argument that Stephanie was not an occupant entitled to notice. In First Lien Co. v. Marquette National Bank of, Chicago, 56 Ill.2d 132, 306 N.E.2d 23 (1973), our supreme court held that the minor daughters of adult tenants of an apartment were not occupants entitled to notice of the tax deed proceedings where their parents had been properly served, nor was service of notice as an occupant required on an adult daughter of the apartment tenant, who lived with her father/tenant and contributed to the rent, where the father had been served with notice. In In re Application of County Collector (Elmwood Properties, Inc. v. Bulls), 63 Ill.2d 242, 347 N.E.2d 159 (1976), failure to serve as an occupant the owner's adult cousin, who lived with his wife and children in the owner's home and shared expenses, was not fatal to the tax deed proceedings. There was no written agreement between the owner and the cousin, and the oral understanding was vague. The owner was properly served. Relying on First Lien Co., the court held that the cousin and his family were not occupants of the property entitled to notice.
We find these cases to be distinguishable from the case at bar. In First Lien Co. and *288 Elmwood Properties, Inc., the persons alleged to be occupants entitled to notice resided on the property at the grace of the owner and had no possessory rights to the property and no right to control what happened on the property. We find the instant case to be distinguishable for the same reason the trial court did, that is, the alleged occupant is the owner's wife, who resides on the property with her husband and their child. She is a person with possessory rights to the property and with a right to control what happens on the property. Accordingly, First Lien Co. and Elmwood Properties, Inc. are not controlling on the issue of whether Stephanie is an occupant within the meaning of the notice provisions of the Property Tax Code. We find, as did the trial court, that Stephanie is an occupant of the property and that she was entitled to notice of the tax deed proceedings.
Petitioner argues that its failure to properly serve Stephanie with notice should be excused because it exercised due diligence and effort to discover her. The trial court rejected this argument, finding that petitioner had not exercised due diligence in attempting to discover and serve Stephanie. Petitioner argues that the trial court's finding is against the manifest weight of the evidence. See In re County Collector, 219 Ill.App.3d 396, 404, 162 Ill.Dec. 122, 579 N.E.2d 936 (1991) (because, generally, diligence is a question of fact, the trial court's determination will only be reversed if it is against the manifest weight of the evidence).
We begin by pointing out that petitioner cites no authority for its argument that due diligence excuses the failure to notify an occupant, and as we pointed out, the statute does not explicitly provide such an excuse with respect to occupants. However, without deciding this question, we find that in any event the trial court's finding that petitioner failed to exercise due diligence in attempting to discover Stephanie is not against the manifest weight of the evidence.
Diligent inquiry, within the meaning of the Property Tax Code, means that kind of search or investigation which a diligent person, intent on ascertaining a fact, would usually and ordinarily make. In re Application of County Treasurer, 216 Ill.App.3d 162, 170, 159 Ill.Dec. 586, 576 N.E.2d 255 (1991). In the instant case, the petitioner checked the telephone book for a Weatherly listing and found only Tim's name; looked at the mailbox but failed to notice the lettering thereon"Tim Steph Weatherly"; checked the deed and the mortgage and found only Tim's name; checked the tax records and found only Tim's name; and visited the home on two occasions for five to ten minutes each time, finding no one at home. Petitioner failed to speak with anyone at the home and never spoke with Tim Weatherly. Petitioner never inquired of any neighbors as to who occupied the house. Petitioner did not check the county marriage records or the courthouse records regarding homestead exemptions or owner-occupied exemptions. (It is admitted, however, that the parties were married outside the State of Illinois and the marriage was not registered in Saline County.) Petitioner's employee testified that normally neighbors are spoken to, but that this was not done in this case. No note was left at the residence, asking the occupants to contact petitioner. Petitioner's employee admitted that she made no effort to determine whether Tim Weatherly was married. Apparently, petitioner assumed that Tim Weatherly lived at the property and that he lived there alone. Petitioner had no reasonable basis on which to make either assumption. We conclude, as did the trial court, that petitioner failed to make diligent inquiry to discover and serve Stephanie sufficient to excuse that failure to serve her.
Finally, petitioner argues that the trial court had no authority to allow respondent to defend and redeem the property after the final date for redemption had expired because respondent failed to comply with the requirements of section 21-380 of the Property Tax Code. 35 ILCS 200/21-380 (West 1994). That section allows for redemption under protest and requires that any person redeeming under that section, at a time subsequent to the filing of a petition for a tax deed, who desires to preserve his right to defend against the petition, must follow certain procedures. Petitioner argues that respondent did not follow these procedures and therefore was not entitled to defend against the petition for tax deed or to redeem his property after the expiration of the period of redemption.
*289 As respondent points out, petitioner did not raise this argument before the trial court. It is well settled that a defense not raised in the trial court is waived and may not be raised on appeal. Jackson v. Chicago Board of Education, 192 Ill.App.3d 1093, 1099, 140 Ill.Dec. 178, 549 N.E.2d 829 (1989); Clayton v. Bradford National Bank, 250 Ill. App.3d 775, 784, 189 Ill.Dec. 675, 620 N.E.2d 643 (1993). Accordingly, we will not address petitioner's argument. We state, however, that we do not mean to imply agreement with petitioner's position that section 21-380 applies to the facts in the case at bar. We find only that the issue is waived, and we will not address it.
Finally, respondent Citizens Bank raises as grounds to affirm the judgment of the trial court other alleged defects in the notices sent to respondents. These grounds were raised before the trial court which, in light of its judgment for respondent on other grounds, declined to address them. In light of our affirmance of the trial court's order, we also find it unnecessary to address them.
For the foregoing reasons, the judgment of the circuit court of Saline County is affirmed.
Affirmed.
MAAG and HOPKINS, JJ., concur.