THIRD DIVISION

April 25, 2001

(
NUNC
 
PRO
 
TUNC
 February 14, 2001)

No. 1--00--1091

IN THE MATTER OF THE APPLICATION OF THE ) Appeal from the

COUNTY COLLECTOR FOR JUDGMENT AND ORDER ) Circuit Court of

OF SALE AGAINST LANDS AND LOTS RETURNED ) Cook County.

DELINQUENT FOR NONPAYMENT OF GENERAL    )

TAXES FOR THE YEAR 1995 AND PRIOR YEARS )

_______________________________________ ) 

)

EX SITES, L.L.C., )

)

Petitioner for Tax Deed- )   

Appellee, )

)

v. )

)

FIRST UNION BANK OF NORTH CAROLINA, ) Honorable

) Michael Murphy,

Respondent-Appellant. ) Judge Presiding.

JUSTICE BURKE delivered the opinion of the court:

Respondent, First Union Bank of North Carolina, now known as First Union Mortgage Corporation, appeals from the denial of its motion to vacate an order of the circuit court issuing a tax deed to petitioner, Ex Sites, L.L.C., for property located at 9609 South Wentworth Avenue in Chicago.  Respondent contends on appeal that the tax deed was invalid because an occupant of the property, Tanya Haley, was not served with notice of the expiration of the period of redemption.  We find that Tanya was not an occupant of the property for the purpose of service under the Property Tax Code (Code) (35 ILCS 200/1--1 
et
 
seq
. (West 1998)) and, therefore, affirm the circuit court's order.

William Haley, Tanya's father, purchased the property in 1990 with his wife Mavis, now deceased, and entered into a mortgage that was assigned to respondent in 1996.  In April 1996, Mutual Fidelity received a certificate of purchase for the 1994 taxes on the property and subsequently assigned its interest to National Indemnity Corporation, which paid taxes for the years 1995 through the first installment of 1998 and petitioned for a tax deed.  Respondent was served by certified mail on October 23, 1998.  William Haley was personally served with notice on November 19, 1998.  The period of redemption expired on February 23, 1999.  Ex Sites, L.L.C., was subsequently substituted as petitioner.  On September 1, 1999, the circuit court issued a tax deed conveying the property to petitioner.

On September 30, 1999, respondent filed a motion to vacate the tax deed (735 ILCS 5/2--1203 (West 1998)), alleging that petitioner did not comply with mandatory provisions of the Code requiring that occupants be given notice of the sale and the date of the expiration of the period of redemption (35 ILCS 200/22--5, 22--10 (West 1998)).  Respondent attached Tanya's affidavit stating she had permanently resided at 9609 South Wentworth since 1991 and had not been served with any notices of the tax sale proceedings. 

A hearing was held on February 25, 2000, on the motion to vacate.  Tanya testified that she was 30 years old and had resided at 9609 South Wentworth since January 1991.  She currently lived there with her father and brother.  She was not obligated on the mortgage, but she said she helped her father with bills, she received mail at the address, and her name was posted at the door. 

On cross-examination, Tanya testified that she saw the notice, which her father received on November 19, 1998, stating the taxes had been sold and showing the date of the expiration of the period of redemption.  The notice directed William to go to the office of the Cook County Clerk for further information.  Tanya asked her father what they had to do about it, and he answered "we would have to take care of it."  Her father went to the county clerk's office and obtained the estimate of redemption (approximately $6,000).  William showed Tanya the estimate of redemption, which also stated the date by which it must be paid.  On September 19 and October 8, 1998, when petitioner inspected the property, Tanya was away at work from 6 a.m. to 2 p.m.

Howard Berland, an attorney for National Indemnity Corporation, who supervised paralegals to ensure due diligence in locating owners and occupants of property and reviewed documents for tax deed proceedings, testified as follows.  The Haines Directory for the years 1997, 1998, and 1999 disclosed no listed telephone number at 9609 South Wentworth Avenue.  In addition, Tanya Haley was not listed in the Chicago telephone directory.  A voters registration list showed William Haley as the only registered voter at 9609 South Wentworth Avenue.  A title search from Chicago Title & Trust Company disclosed a warranty deed, recorded September 1, 1990, vesting title in William and Mavis Haley.  Only William and Mavis Haley's names were disclosed through a judgment search.  Documents supporting Berland's testimony were admitted into evidence.  

Roderick Williams testified that he personally inspected the property (permanent index No. 25--09--212--004) for National Indemnity Corporation on September 19, 1998.  On that date, Williams prepared a report stating that the property consisted of a two-story brick and frame building in good condition and a one-story frame garage in the rear.  Williams assumed the property was unoccupied at the time because no one answered the door and there was a realtor's "For Sale" sign on the property.  There were no names on the mailbox.  Williams left a copy of the certificate of purchase and his supervisor's card in an envelope taped to the front door.  He also went to the neighboring property at 9607 South Wentworth, but found no one home.

On October 8, 1998, Williams returned to 9609 South Wentworth.  There was no real estate sign.  The building was occupied but no one answered the door.  There were no names on the mailbox.  Williams' report stated that the improvements consisted of a one-story brick building in good condition and a one-story frame garage in the rear, but he testified that "one-story" was an error.  Williams again left a copy of the certificate of purchase and his supervisor's card in an envelope taped to the front door.  He also tried to contact the owner or occupant of an adjacent property at 9611 South Wentworth, but no one answered the door.

The record also shows that notice was published in the Chicago Daily Law Bulletin on November 18, 19, and 20, 1998, to respondent, William and Mavis Haley, and "Parties in occupancy or actual possession of said property; Unknown owners or persons interested in said land or lot."

The trial court, finding that Tanya was an occupant of the property and that petitioner had used due diligence to serve her with notice, denied the motion to vacate.

Respondent contends on appeal that the trial court erred in interpreting the Code to require personal service on occupants only if they can be found by diligent inquiry and, alternatively, that even if a diligence standard applies, the court manifestly erred in finding that petitioner used due diligence in locating Tanya. 

Petitioner responds, in part, that, contrary to the trial court's finding, Tanya was not an "occupant" entitled to service within the meaning of the Code.  In the alternative, petitioner contends that the trial court's finding that petitioner exercised due diligence was not against the manifest weight of the evidence, and the trial court correctly interpreted the Code as not placing more of a burden in serving the occupants of property than in serving the owners.

Respondent maintains that petitioner is precluded from arguing that Tanya was not an occupant because it failed to present this argument at the trial court level.  However, the trial court's judgment may be affirmed on any grounds supported by the record.  
In re Application of the County Collector for Judgment and Order of Sale Against the Lands and Lots Returned Delinquent for Nonpayment of General Taxes for the Year 1987 and Prior Years
, 278 Ill. App. 3d 168, 174, 662 N.E.2d 535 (1996).  It is only the appellant who is precluded from raising on appeal a theory not presented to the trial court.  
Jackson v. Chicago Board of Education
, 192 Ill. App. 3d 1093, 1099, 549 N.E.2d 829 (1989); 
Kolivera v. Hartford Fire Insurance Co.
, 8 Ill. App. 3d 356, 361, 290 N.E.2d 356 (1972).

Strict compliance with statutory notice requirements is a condition precedent to the issuance of a tax deed.  35 ILCS 200/22--40 (West 1998); 
In re Application of the County Collector, for Judgment and Order of Sale Against Lands and Lots Returned Delinquent for Nonpayment of General Taxes and/or Special Assessments for the Year 1991 and Prior Years
, 295 Ill. App. 3d 703, 704, 629 N.E.2d 1211 (1998).  In order to be entitled to a tax deed, the purchaser or his assignee shall, within five months after a sale, deliver to the county clerk a notice to be given to the party in whose name the taxes are last assessed.  35 ILCS 200/22--5 (West 1998).  In addition, a purchaser or assignee shall not be entitled to a tax deed, unless not less than three months nor more than five months prior to the expiration of the period of redemption, he gives notice of the sale and the expiration date of the redemption period to the owners, occupants and parties interested in the property.  35 ILCS 200/22--10 (West 1998).  

Notice, as required by section 22--15 of the Code, shall be published in a newspaper and also served by a sheriff upon owners who reside on the property by leaving a copy of the notice with them personally.  Section 22--15 further provides:

The same form of notice shall also be served upon all other owners and parties interested in the property, if upon diligent inquiry they can be found in the county, and upon the occupants of the property in the following manner: 

(a) as to individuals, by (1) leaving a copy of the notice with the person personally or (2) by leaving a copy at his or her usual place of residence with a person of the family, of the age of 13 years or more, and informing that person of its contents.  The person making the service shall cause a copy of the notice to be sent by registered or certified mail, return receipt requested, to that party at his or her usual place of residence.

***

If any owner or party interested, upon diligent inquiry and effort, cannot be found or served with notice in the county as provided in this Section, and the person in actual occupancy and possession is tenant to, or in possession under the owners or the parties interested in the property, then service of notice upon the tenant, occupant or person in possession shall be deemed service upon the owners or parties interested.

If any owner or party interested, upon diligent inquiry and effort cannot be found or served with notice in the county, then the person making the service shall send a copy of the notice by registered or certified mail, return receipt requested, to that party at his or her residence, if ascertainable."  35 ILCS 200/22--15 (West 1998).

This section has been interpreted to require a tax buyer to "make a diligent inquiry to find and personally serve the occupant."  
Gacki v. LaSalle National Bank
, 282 Ill. App. 3d 961, 964-65, 669 N.E.2d 936 (1996) (affirming the trial court's finding of lack of diligence).  

Two Illinois Supreme Court decisions are dispositive of the issue in the instant appeal of whether Tanya, William's adult daughter who resided in William's home, was an "occupant" of the property for the purpose of service under the Code.  In 
First Lien Co. v. Marquette National Bank
, 56 Ill. 2d 132, 136-37, 306 N.E.2d 23 (1973), the  supreme court held that a petitioner had no constitutional or statutory obligation to serve notice on an adult woman who lived with her father and contributed toward the rent. 
In 
Application of County Collector
 (
Elmwood Properties
), 63 Ill. 2d 242, 243-46, 347 N.E.2d 159 (1976), the supreme court held that a cousin of the owner/occupant with whom he "lived together as one family" and with whom he shared household expenses and the cost of adding a room to the house was not an occupant as contemplated by the Code.

In the present case, Tanya testified only that she helped her father with the bills.  She was not obligated on the mortgage.  There was no evidence Tanya had a right to control what happened on the property or that she had any possessory rights to the property.  We therefore conclude that Tanya was not an occupant requiring notice under the Code.  
Elmwood Properties
, 63 Ill. 2d at 245-46; 
First Lien
, 56 Ill. 2d at 137.

We briefly note that 
In re Application for Tax Deed
 (
S.I. Securities
), 285 Ill. App. 3d 930, 675 N.E.2d 285 (1997), upon which respondent relies in support of its argument, is distinguishable from the case at bar.  In 
S.I. Securities
, the trial court denied a petition for a tax deed because although the petitioner had served notice on Tim Weatherly, the sole owner of the property, it had failed to serve notice on Weatherly's wife with whom he resided on the property.  
S.I. Securities
, 285 Ill. App. 3d at 931.  On appeal, the 
S.I. Securities
 court held that the plain and ordinary meaning of the term "occupant" included a spouse who permanently resided on the property with an owner/spouse and exercised some control over the property.  
S.I. Properties
, 285 Ill. App. 3d at 933.  Here, there was no evidence that Tanya, who was merely an adult daughter living with her father, had any possessory rights or a right to control what happened on the property.  
Cf.
 
S.I. Securities
, 285 Ill. App. 3d at 934 (distinguishing 
Elmwood Properties
 and 
First Lien
 on that basis).

Lastly, we note that William Haley, the owner/occupant, was personally served with notice on November 19, 1998.  Respondent was notified by certified mail on October 23, 1998, well before the issuance of the tax deed.  Respondent, therefore, was not materially prejudiced by petitioner's failure to discover Tanya.  See 
People v. Orth
, 21 Ill. 2d 205, 210-11, 171 N.E.2d 626 (1961); 
People v. O'Keefe
, 18 Ill. 2d 386, 392-93, 164 N.E.2d 5 (1960). 

For the reasons stated, we affirm the circuit court's order granting petitioner's petition for a tax deed. 

Affirmed.

HALL, P.J., and CERDA, J., concur.