(No. 45159.—

FIRST LIEN CO., Appellant, v. THE MARQUETTE NATIONAL BANK OF CHICAGO *et al.*, Appellees.

*Opinion filed Nov. 20, 1973.—Rehearing denied Jan. 29, 1974.*

Lyle H. Rossiter, of Glen Ellyn (Allan L. Blair, of counsel), for appellant.

Maurice H. Herman and Stanley Werdell, both of Chicago, for appellee Marquette National Bank of Chicago.

Charles P. Kal and Tage Joranson, both of Chicago (Charles Reed, of counsel), for appellee Chicago Savings and Loan Association.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

At a sale for delinquent taxes, the appellant, First Lien Co., purchased a parcel of real property which was sold for nonpayment of an installment of a special assessment, and at the appropriate time petitioned the circuit court of Cook County for an order directing the county clerk to issue a tax deed. The court denied the petition on the ground that Frank and Anna Petrauskas had not been given the notice required by sections 263 and 266 of the Revenue Act of 1939 (Ill. Rev. Stat. 1967, ch. 120, pars. 744, 747), and the appellate court affirmed (4 Ill. App. 3d 517).

The property in question consists of a lot at 3432 South Hamilton Avenue, Chicago, which is improved with a two-flat building. Title was held by Marquette National Bank, as trustee. When the land trust was created in 1960, the entire beneficial interest was in Anna Petrauskas during her lifetime, and was to go to Frank Petrauskas, her husband, on her death. The trust agreement provided that the name of the beneficiary was not to be disclosed to the public. On January 2, 1968, the entire beneficial interest was assigned to Charles Petrauskas, the son of Frank and Anna, who lived in California. Frank and Anna managed

the premises as agent for Charles, collected the rents, and made the monthly mortgage payments.

Chicago Savings and Loan Association held a mortgage on the property, executed by the trustee. Frank and Anna Petrauskas had guaranteed payment of the mortgage note, but that fact did not appear of record. The property was also subject to a junior encumbrance evidenced by a trust deed to William Sebastian, as trustee, to secure the payment of $600. This trust deed was also executed by the Marquette National Bank, as trustee.

On April 20, 1966, First Lien Co. purchased for $84.54 a delinquent first installment of a special assessment levied on the premises in question. Thereafter, First Lien Co. extended the period of redemption to January 10, 1969. On August 19, 1968, First Lien Co. filed in the circuit court of Cook County a petition for an order directing the county clerk to issue a tax deed.

Section 5 of article IX of the 1870 constitution provided:

> "The right of redemption from all sales of real estate for the nonpayment of taxes or special assessments of any character whatever, shall exist in favor of owners and persons interested in such real estate, for a period of not less than two years from such sales thereof. And the general assembly shall provide by law for reasonable notice to be given to the owners or parties interested, by publication or otherwise, of the fact of the sale of the property for such taxes or assessments, and when the time of redemption shall expire: *Provided,* that occupants shall in all cases be served with personal notice before the time of redemption expires."

Section 263 of the Revenue Act provided in part:

> "*** Such purchaser [of real estate sold for nonpayment of general taxes or special assessments] *** shall serve, or cause to be served, notice of such purchase, not less than 3 months prior to the date when the time of redemption, or extended time of redemption as hereinafter provided shall expire, upon the following persons: upon occupants or persons in actual possession of such

real estate; upon the person in whose name the real estate was last assessed for general taxes, if, upon diligent inquiry, he or she can be found in the county; and upon the owners of or parties interested in such real estate, including trustees and mortgagees of record, if they can upon diligent inquiry be found in the county." Ill. Rev. Stat. 1967, ch. 120, par. 744.

## Section 266 of the Revenue Act provided in part:

"*** Notice of the fact of filing the petition and the date on which the petitioner intends to make application for an order on the petition that a deed issue if the real estate is not redeemed from the sale shall be given to occupants, owners and persons interested in the real estate in the same manner as provided in Section 263, *** The purchaser or his assignee may, if he desires, insert in the notice or notices required by Section 263 the fact of filing the petition for a tax deed and the date on which he intends to apply in the circuit court ***, in which case the notice provided by this Section shall not be required." Ill. Rev. Stat. 1967, ch. 120, par. 747.

First Lien Co. adopted the latter procedure.

First Lien Co. contends that the circuit court erred in holding that "Frank Petrauskas and Anna Petrauskas are interested parties in the real estate and entitled to notice in accordance with the provisions of Sections 263 and 266 of the Illinois Revenue Act." The appellate court took the position that this contention had not been made at trial and was therefore not available on appeal, saying: "It is evident that respondents would be prejudiced if First Lien Co. were not required to adhere to the theory on which the case was heard in the trial court. [Citation.] For example, had the contention now made in this court been made in the trial court and fully litigated, respondents may have been able to show that Frank Petrauskas and Anna Petrauskas were more than agents of their son Charles Petrauskas, the beneficiary of the trust that held legal title to the land." 4 Ill. App. 3d 517, at 521.

The difficulty with this position is that in the trial

court First Lien Co. squarely put in issue the right of Frank and Anna Petrauskas to receive notice, asserting with respect to them:

"(a) They are not owners.

(b) They assigned their interest in the land trust No. 1662 to Charles Petrauskas on January 2, 1968 (Exh. 2).

(c) They were not occupants.

(d) They had no interest of record.

\* \* \*

It is unnecessary to serve notice of the expiration of the period of redemption from a tax sale upon beneficiaries of a trust. (*Remer v. Interstate Bond Co., 21 Ill.2d 501,* Ill. Rev. Stat., ch. 120, sec. 263 and 266.)"

At the trial Frank Petrauskas testified. There is no reason to believe that he or his wife had any interest in or connection with the property that was not mentioned in his testimony. No other interest has been suggested in brief or argument. We conclude, therefore, that the contention of First Lien Co. is properly before the court.

In our opinion the contention must be sustained. Sections 263 and 266 are related in subject and purpose, a relationship explicitly recognized in section 266. Reading the two sections together, it is clear that the occupants or persons in actual possession; the person in whose name the property was last assessed for general taxes, the owners and trustees or mortgagees of record are entitled to notice. (*Cf. Smyth v. Neff (1888), 123 Ill. 310, 316-20; Glos v. Evanston, etc. Building and Loan Ass'n (1900), 186 Ill. 586, 590-91.*) The Petrauskases do not fall within any of these categories. *Cf. Remer v. Interstate Bond Co. (1961), 21 Ill.2d 504, 513; In re Estate of English (1962), 24 Ill.2d 357, 358-59; In re Application of County Treasurer (Winnetka Investment Co. v. Fried) (1st Dist. 1969), 113 Ill. App. 2d 50; Lois, Inc. v. Halvorsen (1st Dist. 1971), 5 Ill. App. 3d 149.*

The trustee and the Petrauskases attempt to sustain the trial court's order on three other grounds. They first contend that certain occupants were not served as required

by the constitution and the statute. The circuit court's finding on this point is ambiguous:

> "*** the owner, mortgagee, last assessee, and all parties interested, who are represented by counsel in this case, except Frank Petrauskas and Anna Petrauskas, have been duly notified of the date of the sale and the date of the expiration of the period of redemption, and also, all parties interested who are represented by counsel, except Frank Petrauskas and Anna Petrauskas, have been duly notified of the filing of the petition of the petitioner in this case ***."

The occupants are not mentioned as such, nor does it appear that they were represented by counsel. As to one of the two apartments, the contention is based on the failure to serve personally three minor daughters who lived with their parents. Service on the daughters was not required, and the proposed interpretation of the constitution and statute is rejected. As to the other apartment, appellees rely on the failure to serve a woman who lived there with her father, and contributed something toward the rent. First Lien Co. proved that notice had been given to her father. The process server asked the father if he was married, and he replied that he was not. On this record, First Lien Co. had no constitutional or statutory obligation to serve the daughter.

The appellees next direct attention to the action of a deputy clerk in adding the date of the judgment and order of sale and in correcting the date of the opening of the sale on the certificate of purchase. The trial court granted First Lien Co.'s motion to file the "corrected" certificate and admitted this document in evidence. It is unnecessary to decide the propriety of the procedure followed in altering the certificate, for this incident did not affect the validity of the sale. The appellees do not contend that the certificate as altered was inaccurate, or that they relied on the unaltered certificate in any way. As First Lien argues:

> "*** The tax judgment, sale, forfeiture and redemption record correctly reflected the facts and this was the only record available to tax delinquents. The certificate of

> purchase was in the hands of petitioner and not available for anyone else's inspection.
>
> Moreover, tax delinquent's constitutional and statutory right to redeem from the tax sale is two years from the date of sale, not two years from the date on which the sale opened ***."

The former date was shown on the certificate.

The appellees finally argue that "None of the 'parties interested' could have redeemed because of the false memorial stamped on the tax judgment, sale, redemption and forfeiture record." This record was stamped: "order for deed entered, cannot be redeemed." An official of the county clerk's office testified that this stamp was put on that record at the time the application for an order for a tax deed was filed; that the stamp was "a protective device. The stamp would put anyone on notice that the 2-year period or extended time had run and that the county clerk would not be able to give out a tax bill." The stamp was originally designed to prevent redemption of a parcel of property while the court had jurisdiction over it. It is now inaccurate, in that no order for a tax deed has actually been entered at the time the stamp is affixed, although the total period of redemption has expired and there has been an application for deed. No contradictory evidence was offered, nor was any evidence offered showing that anyone had attempted to make a proper redemption but had been unable to do so because of this entry. In the absence of any prejudice to the appellees, this incident is not a ground for denying a tax deed.

The judgments of the circuit and appellate courts are reversed, and the cause is remanded to the circuit court of Cook County, with directions to enter an order directing the county clerk to issue a tax deed.

*Reversed and remanded, with directions.*