167 Ill. App.3d 521 (1988)
521 N.E.2d 616
In re APPLICATION OF THE COUNTY COLLECTOR (Arrowhead Development Corporation, Petitioner-Appellee,
v.
Charles J. Gramlich et al., Objectors-Appellants).
No. 4-87-0455.
Illinois Appellate Court  Fourth District.
Opinion filed March 30, 1988.
Rehearing denied April 28, 1988.
*522 Daniel C. Lanterman, of Gramlich Law Offices, P.C., of Springfield, for appellant Charles J. Gramlich.
Donald M. Cadagin, State's Attorney, of Springfield (Elizabeth L. Collins, Assistant State's Attorney, of counsel), for appellee Sangamon County Tax Collector.
*523 Byron L. Connell, Jr., and Mark S. Johnson, both of Connell & Johnson, of Cairo, for appellee Arrowhead Development Corporation.
Order affirmed.
PRESIDING JUSTICE GREEN delivered the opinion of the court:
On November 5, 1986, petitioner Arrowhead Development Corporation (Arrowhead) filed a petition in the circuit court of Sangamon County seeking a tax deed for property, the real property taxes upon which it had purchased at a tax sale held November 24, 1984. On March 24, 1987, objector Charles J. Gramlich filed objections to the issuance of the tax deed, and, on April 1, 1987, that objector filed a redemption under protest with both the circuit clerk and the county clerk in the form required by section 253 of the Revenue Act of 1939 (Act) (Ill. Rev. Stat. 1985, ch. 120, par. 734). The sum of $49,264.43 was deposited for redemption. Acting pursuant to section 253, the court held an evidentiary hearing in regard to the protest and June 16, 1987, entered an order denying and striking the protest and ordering the redemption funds to be transmitted to the petitioner upon its surrender of the certificate of sale. An additional effect of the order was to deny the petition for issuance of deed.
The objector has appealed, contending: (1) he was entitled to notice of the petition for issuance of tax deed by the terms of section 266 of the Act (Ill. Rev. Stat. 1985, ch. 120, par. 747) and that notice was neither properly served upon him nor did it properly describe the property involved; (2) the petition for issuance of tax deed also failed to properly describe that property; (3) the tax sale upon which the petition for deed was based was void because petitioner did not make timely payment for the purchase of the taxes; and (4) the portion of the judgment upon which the tax sale was based which represented 1980 real estate taxes was void because the circuit court lacked jurisdiction to enter that portion of the judgment. We disagree with these contentions and affirm the judgment of the circuit court.
Section 266 of the Act requires a tax sale purchaser at the type of sale involved here, upon filing a petition for issuance of a tax deed after the expiration of the redemption period, to give notice to "occupants, owners, and persons interested in the real estate" of the filing of the petition and the date on which the purchaser will apply for the deed. (Ill. Rev. Stat. 1985, ch. 120, par. 747.) The notice is to be given in the manner as required by section 263 of the Act. (Ill. Rev. Stat. 1985, ch. 120, par. 744.) The record here clearly shows that the objector was not served in the manner required by section 263. The objector was neither an owner nor an occupant of the real estate at the *524 time of the tax sale or at any subsequent time. Thus, the most important question in the case becomes whether the objector was "a [person] interested in the real estate" at the pertinent time, within the meaning of section 266.
The objector's claim of interest arises from a complicated set of mostly undisputed facts. The objector and George Ayling made purchase of the property in 1977 and took it subject to an existing mortgage, the debt of which objector assumed. However, the objector admitted he was unaware of any recording of the instrument by which he assumed the indebtedness. The sale was effectuated by the seller deeding to Land of Lincoln Bank as trustee under a land trust, the beneficiaries of which were the two men. In 1980 the property was sold to V.M. Company, which also assumed the mortgage. Later, V.M. Company placed the property in a land trust with the First National Bank of Springfield as trustee and V.M. Company as beneficiary. The latter then assigned its beneficial interest to that bank as security for a loan. The tax sale occurred after V.M. Company had defaulted on the mortgage loan which it had assumed and on the property taxes. The county collector then took judgment for the unpaid taxes, and the previously described tax sale was held pursuant to the judgment. As the objector had conveyed his rights to the property long before the tax sale, the prime question to be decided is whether objector's liability on the mortgage debt made him a "person interested" in the property within the meaning of section 266. He maintains he has that interest because the extinguishment of the mortgage lien would prevent that security from use to satisfy the mortgage indebtedness and thus increase his exposure.
In asserting that he was a "person interested" within the meaning of the foregoing legislation, the objector attempts to draw analogy to various decisions of the appellate court of this State which have favored parties who are adverse to those purchasing at tax sales. One such case is In re Application of County Treasurer of Du Page County (1973), 16 Ill. App.3d 385, 306 N.E.2d 743. There, the court held that an assignee, for purposes of security, of a beneficial interest in a land trust had a right to redeem from a tax sale. The objector also cites In re Application of Rosewell (1984), 126 Ill. App.3d 30, 466 N.E.2d 1230, where a tax sale purchaser was held to not be entitled to a deed to the property because of failure to give the required notice of a petition for the deed to the Chicago park district. The purchaser had actual knowledge that the park district had, through separate litigation, obtained a judgment directing the issuance to it of a deed to the property. The objector correctly points out that petitioner *525 here had actual knowledge of objector's liability on the existing mortgage.
In First Lien Co. v. Marquette National Bank (1973), 56 Ill.2d 132, 306 N.E.2d 23, the court held that former beneficiaries of a land trust who had assigned their beneficial interest to their son were not persons entitled to notice under section 266 of the Act. The court described those entitled to such notice as being "the occupants or persons in actual possession, the person in whose name the property was last assessed for general taxes, the owners and trustees or mortgagees of record" (56 Ill.2d at 136, 306 N.E.2d at 26). In Application of County Treasurer of Du Page County, the appellate court did permit a beneficiary of a land trust to redeem but stated that a "land trust beneficiary is not entitled to notice of tax sale proceedings" (emphasis added) (16 Ill. App.3d at 390, 306 N.E.2d at 748) and defined the right to redeem more broadly than the right to receive notice.
 1 While the mortgagee on the mortgage was clearly entitled to notice under section 266 of the Act, no case has been called to our attention where a person or entity has been held to be entitled to such notice merely because they were liable on indebtedness secured by a mortgage on the premises for which a tax deed is sought. The latest supreme court pronouncement on the question in First Lien does not mention mortgagors or persons who have assumed a mortgage as being so entitled. The cases do not define the limits of the phrase "persons interested" in section 266. However, we conclude that a person who by an unrecorded document not in the chain of title has assumed indebtedness secured by a mortgage on the property does not come within those limits even if the holder of the certificate of purchase knows of that assumption of the mortgage indebtedness.
 2, 3 When one conveys real estate after having assumed indebtedness secured by a mortgage encumbering the real estate, the only right the conveyor has in regard to the real estate is to require the real estate be sold to pay the debt prior to requiring the conveyor to pay on the debt. (27 Ill. L. & Prac. Mortgages § 217, at 272-73 (1956).) Here, the record showed that after the objector had assumed mortgage indebtedness secured by the property, he conveyed it to another person who, in turn, assumed and agreed to pay the indebtedness. Thus, the objector's possible liability was even further attentuated. To require notice to all persons who, through unrecorded documents, might be able to compel foreclosure and sale of a property before they could be held liable for indebtedness would place too great a burden on the tax purchaser even if the notice requirement is limited to those of whom the purchaser knows. As we have indicated, the appellate *526 court for the Second District stated in In re Application of County Treasurer of Du Page County that the right to redeem from a tax sale covers a broader group than those entitled to notice of a request for deed. The objector here is a good example of a person who can redeem from the tax sale but did not have a right to notice.
We recognize the requirement of strict technical compliance with notice provisions required under the Act. (In re Application of Rosewell, 126 Ill. App.3d 30, 466 N.E.2d 1230.) However, if our decision be considered too technical and oppressive to objector in view of the petitioner's actual notice of objector's liability on the mortgage indebtedness, we deem it significant that objector also had actual notice of petitioner's request for issuance of a deed and was permitted to redeem. The record gives no indication that objector was prejudiced in any way because of imperfections in the service of the notice.
 4 In both the petition for issuance of a tax deed and petitioner's notice given pursuant to section 266 of the Act, the legal description given of the premises was faulty in that it referred to the premises as lying west of the east line of 4th Street in Pawnee while actually the premises were on 11th Street in Pawnee, well beyond the borders of the tract described. As we have indicated, section 266 of the Act requires the notice of the petition for deed to be in the form required by section 263. That form requires a legal description of the property and requires the form to be filled in completely. Section 1(19) of the Act states that "the index number assigned to the particular real estate [when established in conformity to section 30 of the Act] shall constitute a sufficient description of the real estate to which it has been assigned, wherever a description of the real estate is required under any Section of this Act." (Ill. Rev. Stat. 1985, ch. 120, par. 482(19).) Both the petition and the notice set forth the index number assigned to this real estate.
The First District Appellate Court has passed on the sufficiency of real estate descriptions contained in section 266 notices in two cases where, as here, the descriptions contained the index number assigned to the tract. In In re Application of Cook County Collector (1981), 100 Ill. App.3d 178, 426 N.E.2d 947 (Ohr v. Prairie Material Sales, Inc.), the notice also described the property as being in a municipality nearby but not the same as that in which it was located. The court noted section 266 of the Act expressly required strict compliance with the form of the notice as set out in section 263 of the Act and determined the inaccuracy as to the municipality in which the property was located fatally marred the description. In In re Application of Cook County Treasurer & Ex-Officio County Collector (1980), *527 92 Ill. App.3d 603, 416 N.E.2d 25 (Mergili v. Midwest Concrete Products Co.), the circuit court held that the section 266 notice had an insufficient description because no street addresses were given and the property could only be located by a survey. However, the appellate court considered the description used to be the best that could be obtained for landlocked property that had no street address. For this reason, and because the correct index number was used, the appellate court upheld the sufficiency of the description.
 5 As objector was not entitled to notice of the petition for issuance of tax deed, his contention that he can complain because of insufficiency in the description of the property in the notice is very questionable. In any event, we deem the description in the notice and in the petition to meet the statutory standard. We give substantial significance to section 1(19) of the Act, which provides that, when established in conformity to section 30 of the Act (Ill. Rev. Stat. 1985, ch. 120, par. 511), the identification number given the tract is a sufficient description. That description was properly shown here and could have only referred to the tract in question. Moreover, undisputed evidence was introduced that 11th Street, upon which the property was located, had been referred to in a previous plat of the city as 4th Street. We also agree with the circuit court that the descriptions in the petition and notice were sufficient.
 6 We next consider objector's contention that the tax sale was void because the petitioner did not pay for its purchase immediately after the sale had occurred, despite the provision in section 247 of the Act (Ill. Rev. Stat. 1985, ch. 120, par. 728) that payment should be made forthwith. This contention is based upon a holding in In re Application of County Collector (1970), 131 Ill. App.2d 509, 266 N.E.2d 383 (First Lien Co. v. Crawford Savings & Loan Association), that failure of the purchaser to make payment on the date of sale was a failure to make timely payment, which rendered the sale void. Subsequently, the supreme court held in Hoffmann v. Stuckslager (1971), 48 Ill.2d 262, 269 N.E.2d 501, that the provision of section 247 in regard to time of payment was merely directory. Objector had not raised this issue in his redemption under protest. Section 253 of the Act (Ill. Rev. Stat. 1985, ch. 120, par. 734) requires that grounds for objections must be raised at the time of the redemption under protest or they will be waived. Because of the decision in Hoffmann, we need not decide whether the waiver rule of section 253 is applicable to matters which would render the sale void. The precedent of Hoffmann negates objector's theory. The sale remains viable despite the time lag before payment.
*528  7 We also deal summarily with objector's final contention that improprieties in the assessment of the property sold based on lack of notice deprived the circuit court of jurisdiction to enter a portion of the judgment upon which the sale was based. Objector's theory relies primarily on the precedent of Lindheimer v. Nelson (1938), 369 Ill. 312, 16 N.E.2d 734. There, a county collector brought suit against owners of real estate upon which taxes were delinquent seeking appointment of a receiver to collect the taxes. Following an intervening petition by a party who had acquired title, the circuit court denied the request for a receiver and enjoined collection of the tax because the taxes were based on an assessment made without proper notice. The supreme court affirmed, describing the assessment as having been made without jurisdiction of the assessing authorities to do so. Notably, the lack of jurisdiction described there did not concern the jurisdiction of a court to render a judgment for unpaid taxes. In In re Application of McHenry County Collector (1980), 91 Ill. App.3d 49, 414 N.E.2d 229 (Walgenbach v. Chicago & Northwestern Ry. Co.), and Marty v. Brown (1975), 34 Ill. App.3d 660, 338 N.E.2d 920, cited by objector, failure to give notice as to assessments were upheld as a defense to application by the collector for delinquent taxes. None of those cases held that failure to give proper notice of an assessment deprives the court of jurisdiction to render judgment for unpaid taxes. Rather, those cases indicate that such failure of notice is an appropriate defense to a suit to collect the taxes.
The court had "original jurisdiction of all justiciable matters" with exceptions not applicable here. (Ill. Const. 1970, art. VI, § 9.) No question is raised as to the sufficiency of the notice of collector's petition upon which judgment for unpaid taxes was entered. Any theory the circuit court lacked jurisdiction because of any failure to comply with a statutory provision which might be considered to be a requisite for subject matter jurisdiction is negated by section 270 of the Act, which states:
"Any order for the sale of real estate for delinquent taxes * * * shall estop all parties from raising any objections thereto * * * which existed at or before the rendition of such order, and could have been presented as a defense to the application for such order in the court wherein the same was rendered." (Ill. Rev. Stat. 1985, ch. 120, par. 751.)
In First Lien Co. v. Markle (1964), 31 Ill.2d 431, 202 N.E.2d 26, the court held that prior improprieties in the assessment procedure did not deprive the trial court of in rem jurisdiction to enter a judgment for delinquent taxes and that judgment could not be collaterally attacked *529 at the time the tax sale purchaser applied for a deed. See also La Salle National Bank v. Hoffman (1971), 1 Ill. App.3d 470, 274 N.E.2d 640.
The decision of the circuit court correctly applied the law. We affirm that decision.
Affirmed.
McCULLOUGH and SPITZ, JJ., concur.