*In re* PETITION OF CONRAD GACKI PROFIT SHARING FUND FOR TAX DEEDS (PJA Investments, Ltd., Appellant, v. Conrad Gacki Profit Sharing Fund, Petitioner-Appellee).

Third District    No. 3—93—0671

Opinion filed June 3, 1994.

Scott M. Hoster, of Davis, Kaplan, Dystrup & Hoster, of Joliet, for appellant.

Robert S. Krockey, of Block, Krockey, Cernugel & Cowgill, P.C., of Joliet, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The appellant, PJA Investments, Ltd. (PJA), appeals the denial of its motion to vacate an order granting the petitioner, Conrad Gacki Profit Sharing Fund (Gacki), a tax deed on 12 parcels of property in Will County. The issue on appeal is whether PJA was an "interested party" under the Illinois Revenue Act of 1939 (Act) (35 ILCS 205/1 *et seq.* (West 1992)) and therefore entitled to notification by Gacki when it filed its petition for tax deeds. We find that this tax certificate holder was not an interested party under the statute. Thus, we affirm.

The facts are as follows. PJA purchased tax certificates on 12 tax-delinquent, vacant parcels of property at a scavenger sale on October 15, 1990. The certificates covered delinquent taxes from 1983 through 1988. However, PJA never petitioned the court for a tax deed. Instead, it filed redemption extensions until October 15, 1993, three years after the date of the sale.

On April 13, 1992, after the 1989 and 1990 taxes became delinquent, the county again held a scavenger sale. At this time, Gacki purchased the tax certificates for the 12 parcels. After the six-month redemption period had concluded, Gacki filed a petition for tax deeds in the circuit court of Will County. Gacki attempted to personally serve the owner of the property and published notice in the newspaper to owners and parties interested in the properties. However, it did not attempt to serve PJA. The court granted Gacki's petition for tax deeds. Subsequently, PJA filed a motion to vacate the order under section 2—1401 of the Illinois Code of Civil Procedure (735 ILCS 5/2—1401 (West 1992)) claiming it was an interested party and had received no notice of the proceedings. PJA's motion was denied.

On appeal, PJA first contends that the trial court erred in denying its motion because it was an interested party and therefore was entitled to notice of Gacki's tax deed proceeding. In response, Gacki argues that PJA's motion to vacate was fatally defective

because it failed to allege sufficient facts showing that it was entitled to relief. We will first address Gacki's contention that the motion was invalid on its face.

Section 266 of the Act states that a party may challenge the issuance of a tax deed by filing a section 2—1401 motion. Section 266 further states:

"[T]he grounds for relief shall be limited to a showing by clear and convincing evidence that the tax deed had been procured by fraud or deception by the tax purchaser or his assignee, that the taxes were paid prior to sale, or that the property was exempt from taxation." 35 ILCS 205/266 (West 1992).

PJA made none of the above-noted allegations in its section 2—1401 motion. In fact, PJA's motion is limited to conclusory allegations that it is an interested party "pursuant to statute" and is therefore entitled to notice. Consequently, we find that PJA's motion was insufficient for asserting an action under section 266.

Moreover, assuming, *arguendo*, that PJA's motion was not facially defective, we also find that it was not an interested party in this case.

Section 266 of the Act establishes the requirements for a petition for a tax deed. It states, in pertinent part:

"Notice of the fact of filing the petition and the date on which the petitioner intends to make application for an order *** shall be given to occupants, owners and *persons interested* in the real estate ***." (Emphasis added.) 35 ILCS 205/266 (West 1992).

The holder of a tax sale certificate has no right to possession of land or title until after the redemption period expires and, therefore, owns something less than title in fee. (*Schwartz v. City of Chicago* (1974), 21 Ill. App. 3d 84, 315 N.E.2d 215.) A tax certificate, prior to its redemption and issuance of a tax deed, is a mere species of personal property and does not give its purchaser any equity or title to the property. *Wells v. Glos* (1917), 277 Ill. 516, 115 N.E. 658.

On three occasions the appellate court has determined that a person outside the chain of title was not an "interested party" under section 266 of the Act. In *Landis v. Miles Homes Inc.* (1971), 1 Ill. App. 3d 331, 273 N.E.2d 153, the court held that a mortgage, although recorded but not in the chain of title, did not entitle the mortgagee to notice. Also, in *First Lien Co. v. Marquette National Bank* (1973), 56 Ill. 2d 132, 306 N.E.2d 23, the supreme court found that the former beneficiaries of an Illinois land trust who had assigned their beneficial interest to their son but who remained liable on a mortgage as grantors did not own, occupy, or have any interest of record in the property. Therefore, they were not entitled to the no-

tices under sections 263 and 266 of the Act. In *In re Application of County Collector* (1988), 167 Ill. App. 3d 521, 521 N.E.2d 616, the court found the objector, who had assumed indebtedness on property secured by a mortgage not in the chain of title, was not an interested party, even though the petitioner for tax deed had actual knowledge of the objector's liability but still failed to serve him with notice.

Presently, no case law exists to determine whether a tax certificate holder is considered an "interested party" for the purpose of the statute. However, as case law indicates, a certificate holder has no real property interest in the land until the certificates have been redeemed and the petition for a tax deed has been granted. Moreover, one of the conditions precedent to the issuance of a tax deed is payment of subsequent years' taxes after the sale of a tax certificate to a tax deed petitioner. 35 ILCS 205/266 (West 1992).

■ We find that under the facts of this case PJA was not an interested party entitled to notice. It had failed to protect its interest in the property by allowing subsequent tax bills on the parcels to become delinquent. Additionally, although PJA was not personally served with notice, Gacki presented testimony that it published notice in the newspaper to owners and interested parties in the real estate. Consequently, we find that the trial court properly denied PJA's motion to vacate.

Since our determination of the issues renders moot all of PJA's subsequent arguments, we will not address them. Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

SLATER, P.J., and LYTTON, J., concur.