*In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF COOK COUNTY, ILLINOIS, for Order of the Judgment and Sale Against Real Estate Returned Delinquent for the Year 1993 (Loop Mortgage Corporation, Petitioner-Appellee; Murray Williams, Respondent-Appellant).

First District (2nd Division)   Nos. 1—96—1994, 1—96—2090 cons.

Opinion filed January 20, 1998.—Rehearing denied February 18, 1998.

Deborah L. King, of Chicago, for appellant.

Flamm, Teibloom & Beaubien, Ltd., of Chicago (Matthew A. Flamm and Shelley Beaubien, of counsel), for appellee.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

In this case we must decide what constitutes a sufficient interest in real estate to give a party the right to redeem the property following a tax sale. The Property Tax Code establishes that the holder of legal or equitable title to property has a right to redeem the property, even if the title is not recorded. 35 ILCS 200/21—345 (West 1996). Here we face the question of whether the record title alone, without legal or equitable title, is sufficient. We hold that following an unrecorded sale of property, both the new owner and the seller who holds the title of record have the right to redeem.

Halove Abram owned two properties in Chicago at the time of her death in 1986, and she had recorded her title to the properties. Her sister, Chappel Cummings, inherited all of Abram's property. Due to Cummings' incompetence, Cummings' daughter, Agnes Lee, had authority to act on her behalf with respect to her property, including the real estate in Chicago. In 1989 Lee signed a contract to sell those properties to Alfred Smith, and later she signed warranty deeds conveying the properties to Smith. Smith never recorded the deeds.

The Cook County collector sent tax bills addressed to "Halove Abram or current owner." Both Smith and Lee failed to pay property taxes for one of the lots for 1990 and 1991. In 1993 Fitz Corporation purchased the property at a tax sale, and later Fitz sold its interest in the property to Loop Mortgage Corporation. Loop petitioned for a tax deed in 1995. Loop sent notice to Smith, Cummings, and Lee, amongst others, informing them that the redemption period would end September 1, 1995. On July 12, 1995, Lee, on behalf of Cummings, gave Murray Williams power of attorney to redeem the property. Williams made the necessary redemption payment on August 17, 1995.

Loop petitioned to set aside the redemption, arguing that Lee, Cummings and Williams all lacked redeemable interests in the property because Lee conveyed the deed to Smith. Lee argued that Smith procured the deed by fraud and that even absent proof of fraud she had a sufficient redeemable interest. Following trial the court found that Smith still owed Lee payments promised in the entire transaction of the two properties, but Smith held legal title to the properties. Because of Smith's unrecorded warranty deed, Lee lacked a redeemable interest in the property.

■ Both the legislature and the courts have established the

fundamental principles underlying redemption. A person seeking to redeem

> "need only have an undefined interest in the property. [Citations.] The person alleging the right to redeem bears the burden of showing he is a proper person to redeem under the law. [Citation.] The right of a holder of a tax certificate after a tax sale to get a deed is subservient to the right of the owner or person interested in the property to redeem. [Citation.] Redemptions are looked upon with favor, and, unless injury results to the purchaser at the sale, a liberal construction will be given to redemption laws. [Citations.] The mere failure of the tax certificate holder to get a deed does not injure him, since the purchaser recovers the amount paid for the certificate from the court after the redemption." *In re Application of Du Page County Collector*, 98 Ill. App. 3d 950, 952, 424 N.E.2d 1204 (1981).

The Property Tax Code provides:

> "A right to redeem property from any sale under this Code shall exist in any owner or person interested in that property, other than an undisclosed beneficiary of an Illinois land trust, whether or not the interest in the property sold is recorded or filed." 35 ILCS 200/21—345 (West 1996).

The legislature enacted this section after our supreme court decided *Weiner v. Jobst*, 22 Ill. 2d 11, 174 N.E.2d 561 (1961). In *Weiner* the owner of legal title to property attempted to redeem the property following a tax sale, but the court found the redemption ineffective because the prior owner who conveyed the deed to the current owner did not have a properly recorded title. The court held:

> "[A] stranger to the record title has no right to redeem. *** [W]hen the attempted redemption was made, [the legal title holder] had no interest of record in the property. And admittedly, he *** was, instead, a complete stranger to the chain of title." *Weiner*, 22 Ill. 2d at 15.

Thus, under *Weiner*, only the owner of record could redeem the property, although that party long before the suit deeded the legal title to the property to the legal owner's predecessor.

As the court held in *Purdy v. C.H. Strong Elevator, Inc.*, 29 Ill. App. 3d 894, 897, 331 N.E.2d 630 (1975), "the doctrine of *Weiner v. Jobst* was repudiated by an amendment *** providing that the person seeking to redeem need not show a recorded or filed interest." The amendment did not restrict owners of record from redeeming, and it did not repudiate the implication of *Weiner* that owners of record could redeem even without legal or equitable title to the property. See also *People v. Hess*, 7 Ill. 2d 192, 197-99, 130 N.E.2d 280 (1955) (shareholder of dissolved corporate landowner had redeemable interest, although he had neither legal nor equitable title to the land).

The conclusion that the record owner always has the right to redeem finds support in two cases Loop cites. In *First Lien Co. v. Marquette National Bank*, 56 Ill. 2d 132, 136, 306 N.E.2d 23 (1973), the court held that "the owners and trustees or mortgagees of record are entitled to notice" of a petition for tax deed. Presumably following this holding, Loop here served notice on Cummings and Lee, as heir and representative of Abram, the last owner to record title. And "the right to redeem from a tax sale covers a broader group than those entitled to notice of a request for deed." *In re Application of the County Collector*, 167 Ill. App. 3d 521, 526, 521 N.E.2d 616 (1988).

The parties at oral argument agreed that not all persons who actually receive notice have standing to redeem the property. As Loop explained, the statute requiring notice to any person interested in the property motivates the petitioner for tax deed to send notice to anyone with any conceivable connection to the property. See 35 ILCS 200/22—10 (West 1996). Many persons receiving notice of the sale may have no redeemable interest in the property.

■ However, our courts have established that certain interests in property are so significant that the tax sale is invalid unless the petitioner proves diligent efforts to notify persons with those interests. *Gacki v. La Salle National Bank*, 282 Ill. App. 3d 961, 964-65, 669 N.E.2d 936 (1996). The tax deed is not valid if the petitioner fails to notify owners of record (*First Lien*, 56 Ill. 2d at 136), the persons in whose name the land was taxed (*Burton v. Perry*, 146 Ill. 71, 121-23, 34 N.E.60 (1893)), and their personal representatives (*In re Application of the County Collector*, 163 Ill. App. 3d 461, 516 N.E.2d 736 (1987)). Loop cites no case holding that a tax sale could be invalid due to failure to notify a person who lacked a redeemable interest in the property. We conclude that if a party has an interest that mandates notice, then that party has a redeemable interest.

■ At oral argument Loop's attorney suggested that Williams failed to prove either his authority or Lee's authority to act on Cummings' behalf. Loop's attorney at trial expressly stipulated that "Chappell Cummings *** is, in fact, incompetent and *** Agnes Lee did have power and authority to act on her behalf." Williams also entered into the record a sworn and sealed document by which Lee, in her capacity as legal representative of Cummings, appointed Williams her attorney with power to arrange for redemption of the property at issue here on Cummings' behalf. Accordingly, Lee, authorized to act on behalf of Cummings, Abram's sole heir, had the right to redeem the property, and Williams had the power to redeem it on her behalf.

Although we find the redemption valid, we express no opinion on

the question of whether Smith or Cummings holds legal or equitable title to the property. The Property Tax Code expressly provides for separate determination of the legal titleholder:

"Any redemption shall be presumed to have been made by or on behalf of the owners and persons interested in the property and shall inure to the benefit of the persons having the legal or equitable title to the property redeemed, subject to the right of the person making the redemption to be reimbursed by the persons benefited." 35 ILCS 200/21—345 (West 1996).

Thus, if Smith has legal title, and Cummings has neither legal nor equitable title, Williams' redemption of the property will benefit Smith. But the court should determine that issue in a suit between Smith and Cummings to quiet title, rather than decide it in this special statutory proceeding, under the Property Tax Code (35 ILCS 200/22—5 *et seq.* (West 1996)), for issuance of a tax deed.

We hold that when a party with properly recorded property title sells the property to another, and the property is subsequently sold for taxes before the new owner records title, both the new owner and the seller, who has the last properly recorded title, have the right to redeem the property on behalf of the new owner. Accordingly, under the agreed facts pertinent to this issue, Lee and Williams had the right to redeem the property. The trial court's order setting aside the redemption is reversed.

Reversed.

RAKOWSKI and COUSINS, JJ., concur.