(No. 85156)

*In re* APPLICATION OF THE COOK COUNTY TREASURER and *ex officio* County Collector of Cook County, Illinois, for Order of the Judgment and Sale Against Real Estate Returned Delinquent for the Year 1993 (Loop Mortgage Corporation *et al.*, Appellants, v. Murray Williams, Appellee).

*Opinion filed December 31, 1998.*

McMORROW, J., joined by BILANDIC and NICKELS, JJ., specially concurring.

Matthew A. Flamm, Colleen P. Sheehan, Joel D. Teibloom and Tara A. Taylor, of Flamm, Teibloom & Woodward, Ltd., of Chicago, for appellants.

Deborah L. King, of Chicago, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:
Murray Williams redeemed a parcel of property located at 4446 S. Greenwood in Chicago after it was sold at a tax sale to Loop Mortgage Corporation. The circuit court of Cook County granted Loop Mortgage's petition to expunge the redemption. Williams appealed, and the appellate court reversed, holding Williams, acting under power of attorney for the owner of record title to 4446 S. Greenwood, had a right to redeem the property under section 21—345 of the Property Tax Code (35 ILCS 200/ 21—345 (West 1996)). 294 Ill. App. 3d 557. We granted leave to appeal (166 Ill. 2d R. 315) in order to determine whether the owner of record title to the property, even if she has no legal or equitable title to the property, has a right to redeem. We hold an owner of record title who has no legal or equitable interest in the property has no right to redeem, but we affirm the appellate court on different grounds.

## BACKGROUND

At the time of her death in 1986, Halove Abram owned a property located at 4446 S. Greenwood in Chicago. Abram died intestate, and her sister Chappel Cummings inherited the property. Cummings is incompetent, and Cummings' daughter Agnes Lee has authority to act on her behalf regarding the property. In 1989, Lee signed a contract to sell 4446 S. Greenwood to Alfred Smith. There is a substantial disagreement between the parties regarding the terms of their agreement, but it is undisputed that Lee conveyed a warranty deed to Smith for the property at 4446 S. Greenwood. Smith never recorded the deed, and Halove Abram remained the owner of record. Smith took possession of 4446 S. Greenwood immediately after Lee signed the contract.

Smith paid the back taxes up to tax year 1989, but

neither Smith nor Lee paid property taxes for tax years 1990 and 1991. Fitz Corporation purchased 4446 S. Greenwood at a tax sale in 1993. Fitz Corporation subsequently sold its interest in the property to Loop Mortgage Corporation. Loop Mortgage filed a petition for tax deed, and notified Smith, Cummings and Lee, among others, that the redemption period would expire on April 1, 1995.

Agnes Lee subsequently informed Smith that she was rescinding her contract to sell 4446 S. Greenwood and executed a contract for the sale of the property to Murray Williams. Lee gave Williams power of attorney to act on her behalf, and Williams redeemed the property before the redemption period expired. Loop Mortgage filed a petition in the circuit court to expunge the redemption, arguing Williams had no redeemable interest in the property because Lee, his principal, had conveyed a warranty deed to Smith which extinguished her interest in the property. The trial court agreed and expunged the redemption.

Williams appealed, and the appellate court reversed. 294 Ill. App. 3d 557. The appellate court, relying primarily on this court's decision in *Weiner v. Jobst*, 22 Ill. 2d 11 (1961), held that the owner of record title, even if she has neither equitable nor legal title to the property, has a right to redeem the property from a tax sale under section 21—345 of the Property Tax Code. 294 Ill. App. 3d at 561.

## ANALYSIS

Both the Illinois Constitution and the Property Tax Code contain provisions regarding the right to redeem property sold at a tax sale. Article IX, section 8(b), of the Illinois Constitution provides, "The right of redemption from all sales of real estate for the nonpayment of taxes or special assessments *** shall exist in favor of *owners* and *persons interested* in such real estate for not less

than 2 years following such sales." (Emphasis added.) Ill. Const. 1970, art. IX, § 8(b). Similarly, section 21—345 of the Property Tax Code provides:

"A right to redeem property from any sale under this Code shall exist in any *owner* or *person interested* in that property, other than an undisclosed beneficiary of an Illinois land trust, whether or not the interest in the property sold is recorded or filed. Any redemption shall be presumed to have been made by or on behalf of the owners and persons interested in the property and shall inure to the benefit of the persons having the legal or equitable title to the property redeemed, subject to the right of the person making the redemption to be reimbursed by the persons benefited. No redemption shall be held invalid by reason of the failure of the person redeeming to have recorded or filed the document evidencing an interest in the property prior to redemption, other than an undisclosed beneficiary of an Illinois land trust." (Emphasis added.) 35 ILCS 200/21—345 (West 1996).

Whether a party who has record title, but not legal or equitable title, to a property sold at a tax sale has a right to redeem under section 21—345 of the Property Tax Code is a question of statutory interpretation, which this court reviews *de novo*. See *Lucas v. Lakin*, 175 Ill. 2d 166, 171 (1997).

The law favors redemptions, and the redemption statute will be liberally construed unless injury to the tax purchaser results. *Franzen v. Donichy*, 9 Ill. 2d 382, 387 (1956). The tax purchaser's mere failure to procure a tax deed, however, does not preclude liberal construction of the redemption statute because the tax purchaser recovers the amount it paid for the tax certificate upon redemption. *In re Application of Du Page County Collector*, 98 Ill. App. 3d 950, 952 (1981). A complete stranger to the property has no right to redeem, but neither section 21—345 of the Property Tax Code nor article IX, section 8(b), of the Illinois Constitution requires complete legal title in order to redeem. *Franzen*, 9 Ill. 2d at 387

(contract to convey property creates a redeemable equitable interest in property); *People v. Hess*, 7 Ill. 2d 192, 199 (1955) (equitable owner of shares of a dissolved corporation has right to redeem property owned by corporation). A party seeking to redeem a property sold at a tax sale need only have an " 'undefined' interest" in the property. *Hess*, 7 Ill. 2d at 197. A party asserting a right to redeem under section 21—345 of the Code must have some interest, however incomplete or undefined, in the property, but an interest nonetheless.

Loop Mortgage argues Williams has no right to redeem the property on Lee's behalf because Lee conveyed a warranty deed to Smith which extinguished all of her interest in the property. We agree. A warranty deed conveys a fee simple estate to the grantee. *Urbaitis v. Commonwealth Edison*, 143 Ill. 2d 458, 468 (1991); 765 ILCS 5/9 (West 1996). The grantee's failure to record the deed does not affect the deed's operation as a conveyance. *Lucas v. Westray*, 408 Ill. 243, 248 (1951). The deed is effective upon delivery. *Lucas*, 408 Ill. at 248. It is axiomatic that the grantor of a valid warranty deed cannot defeat the grantee's title to the property based on the grantee's failure to record. *Gibson v. Brown*, 214 Ill. 330, 337-38 (1905) (grantee's failure to record deed does not divest grantee of title). The grantee's failure to record the deed may affect the grantee's rights *vis-a-vis* a third party who purchases the property without notice of the grantee's unrecorded interest (see 765 ILCS 5/30 (West 1996)), but the grantee's failure to record does not resuscitate the grantor's interest in the property.

Williams cites *Weiner v. Jobst*, 22 Ill. 2d 11 (1961), for the proposition that the owner of record title alone has a sufficient interest in the property to redeem. Williams' reliance on *Weiner* is misplaced. In *Weiner*, the agent of the legal owner attempted to redeem the property, but the court held that the legal owner could not redeem

because one of the deeds in its chain of title had not been recorded. "[A] stranger to the record title," the *Weiner* court concluded, "has no right to redeem." *Weiner*, 22 Ill. 2d at 15. The General Assembly subsequently passed an amendment to the Code which eliminated *Weiner*'s requirement that a party seeking to redeem must have a recorded interest in the property. Ill. Rev. Stat. 1973, ch. 120, par. 734 (now codified, as amended, at 35 ILCS 200/ 21—345 (West 1996)).

Williams argues the amendment to the redemption statute did not repudiate the implication in *Weiner* that owners of record could redeem even without legal or equitable title to the property. Nothing in *Weiner*, however, implies an owner of record, even if she does not have legal or equitable title to the property, has a right to redeem. The *Weiner* court, even though it held the owner of legal title could not redeem unless its interest in the property was recorded, did not identify who, if anyone, could redeem the property. In fact, the dissent in *Weiner* noted the effect of the majority's holding was no one could redeem the property because "[o]f course the grantor [of the] unrecorded deed could not redeem, for it had no interest in the property." *Weiner*, 22 Ill. 2d at 19-20 (Schaefer, C.J., dissenting). Thus, *Weiner* simply did not address whether record title alone, without either legal or equitable title, is sufficient to redeem.

Williams contends the owner of record title is entitled to notice of the tax sale and expiration of the redemption period, and all parties who have a right to notice also have a right to redeem. The plain language of the redemption and notice provisions, however, demonstrates not all parties entitled to notice have a right to redeem. Under section 21—345 of the Code, an "owner or person interested" in the property has a right to redeem. 35 ILCS 200/21—345 (West 1996). By contrast, section 22—10 of the Code requires the tax purchaser to notify

the "owners, *occupants* and parties interested" in the property. (Emphasis added.) 35 ILCS 200/22—10 (West 1996). Thus, based on the plain language of the Code, an occupant is entitled to notice, but does not have the right to redeem unless, of course, the occupant is also an owner or person interested in the property.

Williams, in an attempt to reconcile the fact that the categories of those who possess a right to redeem and those who are entitled to notice are not coextensive, relies on the appellate court's reasoning that owners of record title have such a "significant" interest in the property that they are among a special category of persons to whom failure to provide notice will bar the tax purchaser from obtaining a tax deed. Occupants, however, also reside in this category even though occupants as such possess no right to redeem. The notice provision states that a tax purchaser is not entitled to a tax deed if the tax purchaser fails to notify the occupants of the property. See 35 ILCS 200/22—10 (West 1996).

The appellate court reasoned that the owner of record must have a right to redeem because " 'the right to redeem from a tax sale covers a broader group than those entitled to notice of a request for [a tax] deed.' " 294 Ill. App. 3d at 560, quoting *In re Application of the County Collector*, 167 Ill. App. 3d 521, 526 (1988). The appellate court's logic is fundamentally flawed because it incorrectly assumes that the larger group includes the smaller group. United States Representatives, for example, may be a larger group than United States Senators, but it does not follow that all Senators are Representatives.

The owner of record undoubtedly is entitled to notice of the tax sale and redemption period. *First Lien Co. v. Marquette National Bank*, 56 Ill. 2d 132, 136 (1973). A tax purchaser who fails to notify the owner of record does so at his own peril because the owner of record almost always will be the owner of legal title to the prop-

erty, or at least a party with some redeemable interest in the property. In this case, however, the owner of record has no interest in the property because she conveyed a warranty deed to Alfred Smith which extinguished all of her interest in the property. Therefore, Williams, acting on power of attorney from Agnes Lee, did not have a redeemable interest in the property.[1]

This court, however, may affirm the appellate court's decision on any grounds which are called for by the record, regardless of whether the appellate court relied on other grounds. *Leonardi v. Loyola University*, 168 Ill. 2d 83, 97 (1995). Although Williams may not redeem the property based on Agnes Lee's interest in the property

---

[1]The special concurrence incorrectly assumes that we hold that only persons with legal or equitable title to a property have a right to redeem. To the contrary, a disclosed land trust beneficiary, who has neither equitable nor legal title to the property subject to the trust (765 ILCS 415/2(a) (West 1996)), nonetheless possesses a redeemable interest in that property. *In re Application of the County Treasurer & ex officio County Collector of Cook County for Order of Judgment & Sale Against Real Estate Returned Delinquent for the Year 1985*, 216 Ill. App. 3d 162, 171 (1991); see 35 ILCS 200/21—345 (West 1996) ("A right to redeem property from any sale under this Code shall exist in any owner or person interested in that property, other than an undisclosed beneficiary of an Illinois land trust"). A land trust beneficiary has a redeemable interest in the property because the beneficiary "has exclusive power to direct or control the trustee in dealing with the title to the land, and exclusive control of the management, operation and selling, together with the exclusive right to the earnings, avails and proceeds of the property." *In re Application of the County Treasurer*, 16 Ill. App. 3d 385, 390 (1973). However, a record title owner who has conveyed his entire interest in the property possesses no redeemable interest. The analysis in the special concurrence is fundamentally flawed because it mistakes an "undefined interest" for an "undefinable" interest. Under the special concurrence's interpretation of section 21—345, anyone claiming an interest, however untenable, could redeem a property sold at a tax sale.

(she has no interest), Williams himself has a redeemable interest in the property because he signed a contract to purchase the property. Unlike an owner of record title who has neither an equitable nor a legal interest in the property, a contract purchaser has an equitable interest in the property which gives him a right to redeem. *Franzen v. Donichy*, 9 Ill. 2d 382, 387 (1956). Whether Williams actually closed on the property makes no difference; the contract to purchase itself is sufficient to create an equitable interest in the property.[2] *Franzen*, 9 Ill. 2d at 387.

Loop Mortgage argues Agnes Lee had no redeemable interest in the property to convey to Williams, but this ignores Smith's failure to record. See 66 Am. Jur. 2d *Records & Recording Laws* § 161 (1973) ("the rights acquired by a bona fide purchaser of real estate without notice of an unrecorded deed are not measured by the actual interest of the seller in the land, but rather by his apparent interest"). Smith's failure to record may not affect his title to the property *vis-a-vis* Lee, but it undoubtedly affects Smith's rights *vis-a-vis* a *bona fide* purchaser without notice. 765 ILCS 5/30 (West 1996) (unrecorded deed void against a subsequent purchaser without notice). Loop Mortgage insists Williams had knowledge of both the deed Lee conveyed to Smith and Smith's possession of 4446 S. Greenwood, but these arguments miss the mark. Tax deed proceedings are not designed, nor are they the appropriate forum, for trying substantial disputes as to title. *In re Application of Du Page County Collector*, 98 Ill. App. 3d at 953. These proceedings are

---

[2]Of course, our determination that Williams has an equitable interest in 4446 S. Greenwood has absolutely no bearing on whether Williams actually owns the property or whether his interest is superior to any other party's interest in the property. We recognize his equitable interest in the property solely for the purpose of determining whether he has the right to redeem the property after it is purchased at a tax sale.

very limited in nature, and the only issue presented in these proceedings is whether Williams is within the class of persons entitled to redeem. *Hess*, 7 Ill. 2d at 201. It is immaterial whether Smith ultimately would prevail over Williams in an action to quiet title to the property. It is sufficient for our purposes here that Williams, as a contract purchaser, has an equitable interest in the property which entitles him to redeem the property.

Based on our conclusion Williams' contract to purchase 4446 S. Greenwood gives him a redeemable interest in the property, we need not address Williams' argument that Smith fraudulently procured the warranty deed from Lee.

The judgment of the appellate court is affirmed.

*Affirmed.*

JUSTICE McMORROW, specially concurring:

Until 1986, the subject property was owned by Halove Abram, whose title to the property was recorded. When Abram died in 1986, her sister Chappel Cummings inherited the property. Because Cummings was incompetent, however, Cummings' daughter Agnes Lee was authorized to act on Cummings' behalf with respect to the property.[3] In 1989, Lee entered into an agreement to sell the property to Alfred Smith, pursuant to which she gave him a warranty deed. Smith did not record this deed.

In 1993, the property was sold at a tax sale to Fitz Corporation, which sold its interest to Loop Mortgage Corporation (Loop). Loop filed a petition for tax deed and notified Cummings, Lee, and Smith of the redemption

---

[3]To avoid complicating the discussion in this case, I will, like the majority, refer to Lee as if she were the owner of record in this case. Although she is in fact the representative of the heir (Cummings) to the owner of record (Abram), there is no dispute as to Cummings' ownership of Abram's interest in the property or as to Lee's authority to act on Cummings' behalf (see *People v. Hess*, 7 Ill. 2d 192, 199 (1955)).

period. In 1995, Lee entered into a contract to sell the property to Murray Williams. Williams notified Smith that Lee had decided to rescind her contract with Smith. Lee gave Williams power of attorney to act on her behalf with respect to the redemption. As Lee's agent, Williams redeemed the property before the expiration of the redemption period.

Loop filed a petition to expunge the redemption on the basis that Williams had no right to redeem the property as Lee's agent because the deed Lee gave to Smith extinguished her interest in the property. Williams responded that the transfer to Smith was invalid because Smith obtained the deed by fraud. After an evidentiary hearing, the circuit court expunged the redemption because it found that Lee had conveyed the property to Smith.

Pursuant to Williams' appeal, the appellate court reversed the circuit court. The appellate court held that the holder of record title to a piece of property has a right to redeem that property from a tax sale, even without legal or equitable title to the property. According to the appellate court, Lee therefore had the right to redeem the property at issue in this case, and Williams had the power to redeem it on her behalf. Although it upheld the redemption, the appellate court expressly refused to decide the validity of Lee's transfer to Smith. The court explained that this issue involved a determination separate from that concerning redemption rights and should be addressed in a quiet title action.

The majority affirms the appellate court's judgment upholding the redemption. However, it rejects the appellate court's conclusion that Williams was entitled to redeem the property on Lee's behalf. According to the majority, a party who has record title, but not legal or equitable title, to property sold at a tax sale has an insufficient interest in the property to entitle her to redeem

under section 21—345 of the Property Tax Code (35 ILCS 200/21—345 (West 1996)). The majority concludes that, because Lee conveyed a warranty deed to the property to Smith, she is not an "owner or person interested" with redemption rights under the Code. Despite its determination that Lee had no right to redeem the property, the majority finds that Williams' redemption of the property was valid because his agreement to purchase the property from Lee gave him his own redemption rights.

Although I join in the majority's holding that the redemption of the property in this case was valid, I cannot agree with the majority's analysis. Contrary to the majority, I believe that, even absent legal or equitable title to a piece of property, the owner of record of that property has an interest sufficient to entitle her to redeem the property from a tax sale. Consequently, Williams' redemption of the property on Lee's behalf was proper. In addition, I disagree with the majority's conclusion that Williams' own interest in the property may serve as a basis for upholding the redemption.

I cannot agree with the majority that Lee had no redemption rights as a result of the warranty deed she conveyed to Smith. As an initial matter, the validity of this transfer is in dispute. Throughout these proceedings, Williams has maintained that Smith procured the warranty deed by fraud. The majority fails to address this argument. Instead, the majority *assumes* the validity of Lee's transfer to Smith and relies on the warranty deed to support its holding that Lee had no right to redeem the property. As the majority itself recognizes, however: "Tax deed proceedings are not designed, nor are they the appropriate forum, for trying substantial disputes as to title." 185 Ill. 2d at 437, citing *In re Application of Du Page County Collector*, 98 Ill. App. 3d 950, 953 (1981). Based on this principle, it is improper for the majority to premise its determination of Lee's

redemption rights on her transfer of the property to Smith when there is a dispute as to the validity of this transfer.

In addition, even assuming the validity of Lee's conveyance to Smith, I cannot agree with the majority's holding that she had no right to redeem the property. According to the majority, an owner of record title has no right to redeem a piece of property absent legal or equitable title to that property. This holding is contrary to the plain language of the Property Tax Code and the Illinois Constitution.

Section 21—345 of the Property Tax Code provides in relevant part:

> "Any redemption shall be presumed to have been made by or on behalf of the owners and persons interested in the property and shall inure to the benefit of the persons having the legal or equitable title to the property redeemed, subject to the right of the person making the redemption to be reimbursed by the persons benefited." 35 ILCS 200/ 21—345 (West 1996).

This language indicates that persons entitled to redeem and persons with the legal or equitable title to the redeemed property are two different groups. It follows that a party may have a redeemable interest in property without legal or equitable title to the property. Similarly, with respect to the constitutional tax redemption provisions, the use of the " 'more informal phrase "persons interested in the real estate" rather than a more precise phrase such as "persons having a legal or equitable interest in the real estate" ' " indicates that " 'strict legal or equitable interests' " were not intended. *In re Application of County Collector*, 49 Ill. App. 3d 1048, 1054 (1977) (holding that an individual who had transferred her interest in property to another for security for the payment of a loan had a redeemable interest), quoting *In re Application of the County Treasurer*, 16 Ill. App. 3d 385, 390 (1973).

The majority's holding that an owner of record has no right to redeem absent legal or equitable title to the property is also inconsistent with the manner in which Illinois courts have previously interpreted the redemption laws. Courts in this state have held that, for public policy reasons, the redemption laws should be liberally construed in favor of redemption. See, *e.g.*, *Franzen v. Donichy*, 9 Ill. 2d 382, 387 (1956); *People v. Hess*, 7 Ill. 2d 192, 198-99 (1955); *In re Application of the County Collector*, 265 Ill. App. 3d 485, 492 (1994); *Monreal v. Sciortino*, 238 Ill. App. 3d 475, 478 (1992). Indeed, this court has previously held that, although a complete stranger to a piece of property has no constitutional or statutory right to redeem that property, a party needs only an "undefined 'interest' in the real estate" to be entitled to redeem the property from a tax sale. See *Hess*, 7 Ill. 2d at 197.

Pursuant to this precedent and the express language of the Property Tax Code and Constitution, therefore, the fact that Lee may not have had legal or equitable title to the subject property is not determinative of her redemption rights. So long as she had an "undefined interest" in the property, she had a right to redeem it. Given that the redemption laws are to be construed in favor of redemptions, I cannot conclude, as the majority does, that Lee's status as the owner of record of the property did not give her at least an "undefined interest" in the property. Unlike the majority, I would hold that Lee was entitled to redeem the property and that Williams properly redeemed it on her behalf.

My disagreement with the majority also extends to its decision to uphold the redemption based on Williams' own redemption rights. In my view, it is inconsistent to reject Lee's right to redeem on the basis that she had no interest in the property, yet find that Williams does have redemption rights based on a contract to purchase the

property *from Lee*. In addition, given that Williams was acting as Lee's agent when he redeemed the property, I question the propriety of upholding the redemption based on any interest he may have had in the property himself. Because Williams redeemed the property on Lee's behalf, the validity of his redemption should depend on Lee's right to redeem, not on any independent right of redemption Williams may have possessed. Significantly, in his brief before this court, Williams argues that the redemption was proper because of Lee's interest in the property, and he does not argue that he himself had a right to redeem the property.

For these reasons, I cannot join in the majority's opinion.

JUSTICES BILANDIC and NICKELS join in this special concurrence.